Commonwealth of Pennsylvania, Department of
Education, Millersville State College, Petitioners
*v.* Gail L. Miller, Respondent.

Argued September 14, 1983, before Judges Rogers,
MacPhail and Barry, sitting as a panel of three.

*Julie B. Broido,* with her *Wayne M. Richardson,* Regional Legal Counsel, for petitioners.

*James R. Leonard, Jr.,* for respondent.

OPINION BY JUDGE ROGERS, October 21, 1983:

The Commonwealth Department of Education, Millersville State University (Millersville) has appealed two orders of the Board of Claims (Board), the first, that Millersville pay Gail Miller $516.01 damages for breach of an employment contract and the second rejecting Millersville's claim for restitution in the amount of $814.10.

Ms. Miller, a registered clinical dietician, received a letter written by the Provost and Vice President for Academic Affairs of Millersville, stating the following:

> I am pleased to offer you a temporary appointment for the 1980 fall semester only as an adjunct instructor of Biology on a one-third time basis to team-teach a course in nutrition and dietetics to the nursing students of St. Joseph Hospital School of Nursing. The compensation for this assignment will be $2,139.47.

Ms. Miller accepted the offer and performed the duties described in the letter. Millersville had paid her $1,623.46 by the time she had finished the work. It refused to pay the balance, claiming that it had made a mistake in calculating the amount of the compensation offered. Millersville also made demand for $814.10, the difference between the amount Ms. Miller

had been paid and the amount Millersville claimed that she should have been offered had no mistake been made.

The Board concluded that assuming a mistake was made it was unilateral to Millersville and that Ms. Miller "had no reason to be aware, and, in fact, was not aware" of the mistake. The law of Pennsylvania is that if a mistake is not mutual, but unilateral, and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief, unless the party not mistaken has good reason to know of the unilateral mistake. *McFadden v. American Oil Co.,* 215 Pa. Superior Ct. 44, 257 A.2d 283 (1969).

We must affirm the order of the Board unless it is not in accordance with the law or unless the findings of fact are not supported by substantial evidence. *Department of Transportation v. Westmoreland Engineering Co.,* 63 Pa. Commonwealth Ct. 318, 438 A.2d 1005 (1981).

Millersville contends that the record contains evidence that Ms. Miller had reason to know that the offer of $2,139.47 was a mistake. The evidence principally depended on in this respect is that Ms. Miller was paid only $11.77 an hour for her hospital work so that she could not have believed that the offer of $2,139.47 for teaching fourteen classroom hours for $142 an hour, was not a mistake. Ms. Miller responded that she did not know of the mistake and that based on the total hours spent performing her teaching duties, including thirty hours reading term papers, she earned about seven dollars an hour teaching at Millersville.

The Board, as noted, found that Ms. Miller did not have reason to know of the mistake, assuming one was made. The record contains substantial evidence to support the finding and no evidence favorable to Millersville was capriciously disregarded.

4

Millersville also presents the following question: Did not the Board of Claims err in holding that an employee covered by collective bargaining may nonetheless obtain judicial enforcement of an employment contract the terms of which conflict with those negotiated through the collective bargaining agreement? A negative answer would be justified by the fact that the bits and pieces of the collective bargaining agreement between Millersville and its teachers introduced into evidence fail to establish with any clarity that the salary offered to Ms. Miller for teaching one-third of a three credit course was contrary to any provision of the bargaining agreement. Moreover, no pertinent authority is advanced for the proposition than an employer is not required to pay the agreed compensation of a person specially hired for special work because the amount offered may exceed the salary scale agreed to with a union of employees doing similar work. Indeed, in circumstances analogous to those of this case, the Pennsylvania Supreme Court has held that a public employer cannot successfully defend against the provisions of a collective bargaining agreement on the ground that the provisions are contrary to the requirements of other statutes. *Pittsburgh Joint Bargaining Committee v. City of Pittsburgh,* 481 Pa. 66, 391 A.2d 1318 (1978). Certainly the cases cited by Millersville —*Cohen v. Temple University,* 299 Pa. Superior Ct. 124, 445 A.2d 179 (1982) and *Donnellan v. Mt. Lebanon School District,* 32 Pa. Commonwealth Ct. 33, 377 A.2d 1054 (1977)—holding that public employees contending that their rights under their collective bargaining agreements were violated must pursue the grievance provisions of the bargaining agreements, are inapposite. Ms. Miller's suit is not based on the collective bargaining agreement but on a special agreement which no one has suggested was obtained by means of an unfair labor practice. *See J. I. Case*

*Co. v. National Labor Relations Board*, 321 U.S. 332 (1944). We know of no authority and none has been cited to us for the proposition that an employer may escape liability for damages for the breach of a contract for the services of another which has been fully performed by the contracting party on the ground that there is in existence a collective bargaining agreement with a union of its employees providing compensation different from that agreed to in the contract sued upon. So far as appears on the record, neither the union nor any other conceivably interested person has raised an objection to Ms. Miller's being paid the full amount of the salary offered and accepted for the work she has fully performed.

Order affirmed.

### Order

And Now, this 21st day of October, 1983, the order of the Board of Claims dated September 30, 1982, is hereby affirmed.