564 A.2d 972

**Steven LANCI**

v.

**METROPOLITAN INSURANCE CO., Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1989.

Filed Sept. 28, 1989.

Charles A. Harad, Philadelphia, for appellant.

Steven C. Forman, Philadelphia, for appellee.

Before McEWEN, POPOVICH and MELINSON, JJ.

MELINSON, Judge:

This is an appeal from an order denying Metropolitan Insurance Co.'s ["Metropolitan"] motion to compel enforcement of a settlement agreement. Metropolitan contends that the trial court erred in voiding a release provision in the agreement after finding that it was based on a mutual mistake.

Before addressing the merits of Metropolitan's claim, we must first determine whether this appeal is properly before the court. Upon initial review of this appeal, the court issued a rule to show cause why this appeal should not be quashed pursuant to *National Recovery Systems v. Perlman*, 367 Pa.Super. 546, 533 A.2d 152 (1987). In *Perlman*, a panel of this court, with Judge Olszewski dissenting, held that an order denying a motion to enforce an alleged settlement agreement was not appealable under the collat-

eral order doctrine enunciated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under *Cohen*, an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, it will be irreparably lost. In *Perlman*, the court found that the order satisfied the first two elements of *Cohen*, but not the third because the appellant would be free to raise the issue of the validity of the settlement agreement on appeal from the judgment following trial.

█ In response to the rule to show cause, Metropolitan argues that this appeal is distinguishable from the appeal in *Perlman*. Metropolitan asserts, and we agree, that the third element of *Cohen* is met in the instant case. If this appeal were to be quashed, the case will proceed to an uninsured motorist arbitration hearing, rather than to trial as in *Perlman*. The Uniform Arbitration Act, 42 Pa.C.S.A. § 7302(d)(2), sets forth the standard of review for arbitration awards, providing in pertinent part:

> ... a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provisions of this subchapter, modify or correct the award where the award is contrary to the law and is such that had it been a verdict of a jury the court would have entered a different judgment or judgment notwithstanding the verdict.

This standard limits appellate review to corrections of arbitration awards where it is determined that the award is the result of a mistake of law. *Derry Township Municipal Authority v. Solomon and Davis, Inc.*, 372 Pa.Super. 213, 539 A.2d 405 (1988). A mistake of law is a mistake as to the legal consequences of an assumed state of facts. *Acme Markets, Inc. v. Valley View Shopping Center*, 342 Pa.Super. 567, 493 A.2d 736 (1985).

Here, Metropolitan appeals from the trial court's factual determination that the settlement agreement was based upon a mutual mistake, and therefore, was not binding. Metropolitan does not contest the "legal consequences of an assumed state of facts," but rather, the facts as stated. Thus, Metropolitan is correct in its assertion that such an issue would not be subject to appellate review following an arbitration award. As a result, we find that the facts of this case are distinguishable from those in *Perlman*, and that the requirements of the collateral order doctrine of *Cohen* have been met. Having determined that this court has jurisdiction to hear this appeal, we turn to the merits of Metropolitan's claim.

The facts of this case are simple. Lanci was involved in an automobile accident with an uninsured motorist. Lanci and Metropolitan entered settlement negotiations and ultimately agreed to settle all claims for fifteen thousand dollars ($15,000.00). On or about October 17, 1986, Lanci signed a Release and Trust Agreement. Thereafter, he refused to accept the settlement proceeds asserting that Metropolitan had fraudulently or incorrectly represented that the policy limits were $15,000.00 rather than two hundred fifty thousand dollars ($250,000.00), the correct amount. Thus, Lanci argued, the release and trust agreements were signed as the result of a misrepresentation or mutual mistake and were therefore a nullity. The trial court agreed, relying on correspondence from Lanci's attorney to Metropolitan dated October 12, 1986, which stated:

> This will confirm and memorialize our telephone conversation of October 10, 1986 during which it was agreed that you on behalf of your principal shall tender the sum of $15,000.00 in settlement of this claim which sum you have represented to be the straight and/or stacked policy limits applicable to this claim.

The trial court held that this correspondence evidenced a mutual mistake concerning the policy limits of the insured and denied Metropolitan's motion to enforce the settlement agreement.

Metropolitan argues that the record does not support the trial court's factual finding that there was a mutual mistake. Metropolitan relies on the deposition testimony of its claims adjuster, John Pellock, who refutes Lanci's assertion that the policy limits were discussed during settlement negotiations. Pellock testified that he did not discuss the limits with Lanci's attorney, nor did counsel for Lanci indicate that he was unaware of the policy limits, until after the settlement had been reached and the draft transmitted. He further testified that Lanci's attorney initiated the settlement negotiations with a demand for $15,000.00 and never asked for more.[1]  We agree that this testimony, if credited, does not support a finding of mutual mistake. However, we can affirm the decision of the trial court on any basis even if the reasons given by the trial court are incorrect. *Coatesville Dev. v. United Food Wkrs.*, 374 Pa.Super. 330, 542 A.2d 1380 (1988).

A release is binding on the parties thereto, unless executed under fraud, duress or mutual mistake. *Iman v. Hausman*, 354 Pa.Super. 458, 512 A.2d 41 (1986); *Price v. Ross*, 339 Pa.Super. 461, 489 A.2d 252 (1985). Whether relief should be granted to a party who is adversely affected by a mistake in a written contract depends upon the nature and effect of that mistake; the mistake must relate to the basis of the bargain, must materially affect the parties' performance, and must not be one as to which the injured party bears the risk before the party will be entitled to relief. *Northwest Sav. Ass'n. v. Distler*, 354 Pa.Super. 187, 511 A.2d 824 (1986). However, irrespective of actual fraud, if the other party knows or has reason to know of the unilateral mistake, and the mistake, as well as the actual intent of the parties is clearly shown, relief will be granted to the same extent as a mutual mistake. *Hassler*

---

1. The record indicates that counsel for Lanci did not appear at the deposition despite receiving notice. As a result, there was no cross-examination of Pellock, and no explanation for his failure to respond to Lanci's letter accepting the settlement offer and specifying Lanci's understanding that the limit of the policy was $15,000.00. It is also unclear whether Pellock was aware of the correct amount of the policy limits during negotiations.

*v. Mummert,* 242 Pa.Super. 536, 364 A.2d 402 (1976). *See also, Com., Dept. of Educ. v. Miller,* 78 Pa.Cmwlth. 1, 466 A.2d 791 (1983) (where a mistake made in contracting is not mutual, but unilateral, and is not due to the fault of the party not mistaken, but rather to the negligence of one who acted under the mistake, it affords no basis for relief unless the party not mistaken has good reason to know of the mistake).

The Restatement (Second) of Contracts § 153 provides that a contract is voidable due to unilateral mistake under certain circumstances.

> Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake ..., and
>
> > (a) the effect of the mistake is such that enforcement would be unconscionable, or
> >
> > (b) the other party had reason to know of the mistake or his fault caused the mistake.

In the instant case, the record reveals that Lanci did not have a copy of his policy and that Metropolitan was advised of that fact in Lanci's Petition to Appoint Arbitrators and to Compel Arbitration Hearing.[2] Lanci's correspondence accepting the settlement offer clearly indicates his understanding that his policy limit is $15,000.00. We find, therefore, that Metropolitan knew, or should have known, that Lanci accepted the terms of this settlement offer under the mistaken belief that it was the limit of his coverage. Thus, Lanci is entitled to void the contract and the trial court did not err in denying Metropolitan's petition to enforce the settlement agreement.

Order affirmed.

2. This petition was filed April 1, 1985.