645 A.2d 253

**William A. KNISEL, Jr., and Doris J. Knisel, Administrators of the Estate of Michele M. Knisel, Deceased,**

**v.**

**Randy OAKS and Nationwide Mutual Insurance Company, Bruce Lamborn and State Farm Mutual Insurance Company.**

**Appeal of Randy OAKS and Nationwide Mutual Insurance Company.**

Superior Court of Pennsylvania.

Argued April 26, 1994.

Filed July 22, 1994.

170

Peter B. Skeel, Pittsburgh, for appellants.

J. Phillips Saylor, Johnstown, for appellees.

Before ROWLEY, President Judge, and CIRILLO and OLSZEWSKI, JJ.

ROWLEY, President Judge:

At issue in this appeal is the propriety of the trial court's order denying the petition of appellants Randy Oaks and Nationwide Mutual Insurance Company ("Nationwide") to enforce a settlement allegedly reached with appellees William A. Knisel, Jr., and Doris J. Knisel, administrators of the estate of their daughter, Michele M. Knisel, who died as the result of injuries sustained in a motor vehicle accident. Having concluded, after careful analysis, that the order in question is not final and appealable, we are constrained to quash the appeal.

· The facts of the case are as follows: On December 29, 1991, Michele Knisel was a passenger in a vehicle which she owned and which was being operated by Randy Oaks, when that vehicle collided with a vehicle driven by Bruce Lamborn. Knisel was fatally injured. Nationwide insured the Knisel vehicle and had also issued a policy of motor vehicle liability insurance to Oaks. The Lamborn vehicle was insured under a

policy issued by State Farm Mutual Insurance Company ("State Farm").

Appellees filed a wrongful death and survival action against Oaks, Nationwide, Lamborn, and State Farm, as well as an underinsured motorist claim against Nationwide. Appellants maintain that Nationwide made several offers to settle the underinsured motorist claim, all of which were rejected by appellees. Appellees assert that Nationwide denied their claim, "contend[ing] (erroneously) that, as a prerequisite to their UIM [underinsured motorist] claim, [appellees] were required to exhaust Nationwide's own liability coverage on Oaks" (Brief for Appellees at 5).

Eventually Nationwide made a settlement offer of $100,000 in bodily injury coverage, that amount being the policy limit for such coverage. State Farm offered $25,000, its bodily injury policy limit. Appellees accepted the offers and executed two releases, one releasing appellants Oaks and Nationwide from any further liability and the other similarly releasing Lamborn and State Farm. Each release contained the following provision: "THIS RELEASE DOES NOT AFFECT THE RIGHT OF THE ESTATE OF MICHELE M. KNISEL, OR WILLIAM A. KNISEL, JR. AND DORIS J. KNISEL IN THE CLAIM FOR UNDERINSURED BENEFITS PURSUANT TO THE NATIONWIDE POLICY." In their petition to the trial court for leave to settle and compromise the actions for wrongful death and survival, appellees averred that "[t]here continues to be ongoing litigation concerning the underinsured motorist's coverage with Nationwide Insurance Company" (Petition at 3). On February 18, 1993, the trial court entered an order approving the settlement as set forth in appellees' petition and authorizing appellees "to accept the amount of $125,000.00 in settlement of decedent's cause of action."

Settlement was not accomplished, however. In a letter to Nationwide dated April 20, 1993, appellees' counsel offered the following explanation:

I am returning Nationwide's settlement draft No. 58–343314 dated April 2, 1993 in the amount of $100,000. As stated in my letter of March 31, 1993, my clients agreed to accept the $100,000 BI [bodily injury] draft with the understanding that the Randy Oaks BI settlement would not prejudice the UIM [underinsured motorist] claim. Since Nationwide now contends that the proposed BI settlement defeats the UIM claim, your draft is enclosed. We will pursue the BI claim when the UIM claim has been resolved.

Appellants then filed a petition to enforce the settlement. On October 25, 1993, the trial court denied the petition in an order which reads as follows:

Now this 25th day of October, 1993, upon consideration of the Petition to Enforce Settlement filed by Defendants Randy Oaks and Nationwide Mutual Insurance Company and after hearing oral arguments thereon, it is hereby Ordered and Decreed that the Petition to Enforce Settlement is Denied; it is further Ordered and Decreed that this Court's Order of February 18, 1993 approving the compromise and settlement of Plaintiffs' Wrongful Death and Survival actions against Randy Oaks and his motor vehicle liability insurance carrier Nationwide ... and against Bruce Lamborn and his motor vehicle liability insurance carrier State Farm ... shall be held in abeyance until the pending Underinsured Motorist Arbitration is concluded so as not to prejudice Plaintiffs' Underinsured Motorist Claim against Nationwide....

In this timely appeal of the trial court's order, appellants assert that "the mere chance that the settlement agreement might prejudice [appellees] in the separate arbitration proceeding is an insufficient basis for denying enforcement of a settlement agreement" (Brief for Appellants at 7). Appellants argue further that absent fraud, duress, or mutual mistake, none of which has been shown in the present case, the agreement must be enforced.

Appellees contend that in fact Nationwide fraudulently induced them to enter into the settlement agreement. Accord-

ing to appellees, "Nationwide knew at all relevant times that it had no intention of paying UIM benefits to [appellees], yet it intentionally misrepresented that it would act in good faith to resolve the UIM claim after the liability coverage was exhausted" (Brief for Appellees at 11).

Although the parties have not addressed the question of appealability in their briefs, counsel for appellees asserted at oral argument that the trial court's order of October 25, 1993, is not appealable. Moreover, "[b]ecause the question of appealability implicates the jurisdiction of [this] Court, a non-waivable matter," *Motheral v. Burkhart,* 400 Pa.Super. 408, 414, 583 A.2d 1180, 1184 (1990) (en banc), we are not only permitted but required to determine the appealability of the order that we have been asked to review.

In support of his claim that the order in question is not final and appealable, counsel for appellees cited *National Recovery Systems v. Perlman,* 367 Pa.Super. 546, 533 A.2d 152 (1987), in which this Court stated that "the denial of a motion to enforce a settlement agreement is non-appealable." *Id.* at 548, 533 A.2d at 152. The question is not as easily resolved as this statement suggests, however. In a later case, *Lanci v. Metropolitan Insurance Company,* 388 Pa.Super. 1, 564 A.2d 972 (1989), this Court held that a similar order was final and appealable under the collateral order doctrine enunciated by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and adopted by the Pennsylvania Supreme Court in *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). Accordingly, we must determine which outcome is appropriate in the case before us.

The parties in *Perlman* disagreed as to whether a binding settlement agreement had been reached in appellant's assumpsit action. Appellant filed a motion to enforce the alleged agreement and then appealed from the trial court's order denying the motion. Appellee moved to quash the appeal as interlocutory. This Court noted that in an earlier case, *Darabant v. Atwood Home Builders, Inc.,* 281 Pa.Super.

153, 421 A.2d 1194 (1980), an order striking a settlement agreement and placing the case on the trial list was held to be neither a final order under Pa.R.A.P. 341 nor an appealable interlocutory order under Pa.R.A.P. 311.[1] In *Darabant* this Court did not evaluate the order's appealability under the *Cohen* doctrine, however. In *Perlman*, therefore, the Court considered whether an order denying a petition to enforce a settlement agreement was appealable under the three-part test set forth in *Cohen:*

> Under *Cohen*, an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), *cited in Perlman,* 367 Pa.Super. at 549, 533 A.2d at 153.

This Court concluded that the first condition had been met, as the enforceability of the alleged settlement agreement was separable from the merits of the underlying claim. In addition, the Court assumed for the sake of argument that the second condition had been met. As to the third condition, the Court found that the claimed right—that is, "the right to the benefit of what appellant alleges is a valid settlement agreement," *id.*—would not be irreparably lost if review were postponed until final judgment.

> Appellant is free to raise the issue of the validity of the settlement agreement on appeal from the judgment on the underlying claim, or in a collateral action. If the settlement agreement is determined to be valid, appellant will have the right to recover from appellee the damages caused by appellee's breach of the agreement, including the time, expense, and other burdens of proceeding to trial.

*Id.* at 549–50, 533 A.2d at 153. Having found that the order did not meet the appealability requirements under *Cohen*, this Court quashed the appeal.

1. We note that recent amendments to Rules 311 and 341 do not warrant a different result.

The appeal in *Lanci* arose out of a motor vehicle accident involving appellee Lanci and an uninsured driver. Lanci reached an agreement with appellant Metropolitan to settle all claims for $15,000, but thereafter refused to accept the settlement proceeds on the ground that Metropolitan had fraudulently or incorrectly represented its policy limits to be $15,000 rather than the correct amount of $250,000. Metropolitan filed a motion to compel enforcement of the settlement agreement. The trial court denied the motion, finding that the agreement had been based on a mutual mistake and was therefore not binding.

On appeal, Metropolitan pointed out that if the appeal were quashed as not having been taken from a final order, the matter would not proceed to trial as in *Perlman*, but to an uninsured motorist arbitration hearing. Under the standard of review set forth in the Uniform Arbitration Act, 42 Pa.C.S. § 7302(d)(2), appellate review would be limited to correction of arbitration awards resulting from a mistake of law. "A mistake of law is a mistake as to the legal consequences of an assumed state of facts." *Lanci*, 388 Pa.Super. at 3, 564 A.2d at 973 [citing *Acme Markets, Inc. v. Valley View Shopping Center*, 342 Pa.Super. 567, 493 A.2d 736 (1985)]. Metropolitan did not contest the legal consequences of an assumed state of facts, but rather the facts themselves, specifically the trial court's finding of a mutual mistake. Because that issue would not be subject to appellate review following an arbitration award, Metropolitan argued that the third prong of the *Cohen* test had been met: if review of the issue were postponed until final judgment, the claimed right would be irreparably lost. This Court agreed, and held that the order under appeal, unlike that in *Perlman*, was final and appealable under the *Cohen* collateral order doctrine.

We conclude that it is the outcome of *Perlman* which is warranted here. First, it is the underinsured motorist claim which will go to arbitration, not the bodily injury claim that resulted in the settlement agreement at issue here. Second, the trial court's order of October 25, 1993, as we read it, leaves undetermined the ultimate fate of the settlement agreement.

The trial court did not find the agreement to be void, but rather declined to enforce it and held in abeyance, until the conclusion of the underinsured motorist arbitration, the prior order approving the agreement. Appellees' assertion that "the agreement *should* be rescinded" (Brief for Appellees at 11; emphasis added) supports our reading of the order.[2] In light of this uncertainty, we cannot say that appellants' right to the benefit of the settlement agreement will be irreparably lost if review is postponed until final judgment. Therefore, we hold that the order in question is not final and appealable under *Cohen*, and we quash the present appeal therefrom.

Appeal quashed.

**2.** The trial court, believing the order to be self-explanatory, has not written an opinion.