Paul V. AMBROSE, an individual who is a citizen of the Commonwealth of Pennsylvania, Appellant

v.

KRAUSE PUBLICATIONS, INC., A Wisconsin Corporation Licensed to Conduct Business within the Commonwealth of Pennsylvania; David Doyle, an individual who is a citizen of the State of Tennessee

Krause Publications, Inc., A Wisconsin Corporation Licensed to Conduct Business within the Commonwealth of Pennsylvania; David Doyle, an individual who is a citizen of the State of Tennessee, Counter–Claimants

v.

Paul V. Ambrose, an individual who is a citizen of the Commonwealth of Pennsylvania

v.

Train Collectors Association, a Pennsylvania Non–Profit (Non Stock) Corporation; Eastern Division—T.C.A., a Pennsylvania Non–Profit (Non Stock) Corporation, Defendants/Third Party Plaintiffs

v.

Krause Publications, Inc.; David Doyle, Third Party Defendants

Paul V. Ambrose, an individual who is a citizen of the Commonwealth of Pennsylvania, Appellant at No. 08–2523

Krause Publications, Inc., Cross–Appellant at No. 08–2711

Train Collectors Association and Eastern Division—T.C.A., Cross–Appellants at No. 08–2806.

Nos. 08–1513, 08–2523, 08–2711, 08–2806.

United States Court of Appeals, Third Circuit.

Argued Nov. 2, 2009.

Filed Nov. 30, 2009.

**712**

Drew J. Bauer, Esquire (Argued), Pittsburgh, PA Attorney for Appellant, Paul V. Ambrose.

Stephen E. Gillen, Esquire (Argued), Greenebaum Doll & McDonald, Cincinnati, OH, Attorney for Appellee/Cross–Appellant, Krause Publications, Inc.

Suzanne L. DeWalt, Esquire (Argued), Stanley J. Lehman, Esquire, Beverly A. Block, Esquire, Sherrard, German & Kelly, Pittsburgh, PA, Attorneys for Appellees/Cross–Appellants, Train Collectors Association, and Eastern Division—T.C.A.

Before: SCIRICA, Chief Judge, JORDAN and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

In 2007, Krause Publications, Inc. published two toy train catalogs authored by David Doyle. Paul Ambrose brought a copyright infringement action against Krause and Doyle claiming the catalogs infringed Ambrose's copyrights in toy train catalogs and books he authored (the "Doyle Action"). Within a few months, the parties settled all their claims, and the District Court dismissed the case with prejudice pursuant to the terms of the parties' Confidential Settlement Agreement ("CSA").

At the time of settlement, Ambrose had a separate, but related copyright action pending against the Train Collectors Association and Eastern Division—T.C.A. (collectively, "TCA") (the "TCA Action"). Paragraph 11 of the CSA permitted Ambrose to seek relief from TCA in the TCA Action, "provided, however, that [Ambrose] [would] not seek to collect from [TCA] any judgment on such claims if collection of such judgment or part thereof might foreseeably lead to a claim for indemnification against Krause. . . ." Shortly after the CSA was executed, TCA filed a third-party complaint against Krause, asserting claims for indemnification and contribution. Krause then sought leave in the Doyle Action to disclose in the TCA Action the terms of the CSA, and Ambrose simul-

taneously filed a motion to void the CSA, or, in the alternative, to find Krause in breach thereof.[1] The District Court granted Krause's motion to disclose the CSA and denied Ambrose's motion to void it. TCA and Krause then moved for summary judgment and partial summary judgment, respectively, based on the terms of the CSA. The court granted both motions and entered judgment against Ambrose, finding the CSA barred the TCA Action as a matter of law. We will affirm.[2]

Ambrose filed a motion in the Doyle Action to declare the CSA void at his election and to reopen the Doyle Action because there was no "meeting of the minds" regarding whether Ambrose would be permitted to continue the TCA Action to judgment in the event of an indemnification claim. Although Ambrose did not seek relief under any particular Federal Rule of Civil Procedure, the parties agree his motion was in effect a Rule 60(b) motion for relief from a final judgment.[3] Ambrose contends he set forth "mutual and/or unilateral mistake that was known to both parties,"[4] and that the District Court abused its discretion by denying his motion without holding a hearing, allowing discovery, or issuing findings of fact and conclusions of law.[5]

■ The District Court's dismissal of Ambrose's motion was not an abuse of discretion under the circumstances of this case. Rule 52(a)(3) provides the court is not required to state findings or conclusions when ruling on a motion unless the rules provide otherwise, and Rule 60(b) does not do so. *See* Fed.R.Civ.P. 52(a)(3); Fed.R.Civ.P. 60(b); *Delzona Corp. v. Sacks*, 265 F.2d 157, 159–60 (3d Cir.1959) ("Rule 52(a) ... does not require findings of fact and conclusions of law for cases arising under Rule 60(b).").

■ Ambrose's motion, moreover, failed as a matter of law, and thus did not require resolution of factual issues. Ordinary principles of contract law govern settlement agreements under Pennsylvania law.[6] *Consol. Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 96 (3d Cir.1999). A mistake of one or both parties at the time of contracting may be a valid ground for rescinding a settlement agreement. *See id.*; *Lanci v. Metro. Ins. Co.*, 388 Pa.Super. 1, 564 A.2d 972, 974 (1989). "A mistake is a belief that is not in accord with the facts." Restatement (Second) of Contracts § 151;

---

1. Ambrose does not contend on appeal that the District Court erred by failing to find Krause in breach of the CSA. For ease of reference, we refer to Ambrose's motion as a motion to void the CSA.

2. The District Court had jurisdiction in both actions under 28 U.S.C. §§ 1331, 1332, 1338, and 1400(a). We have jurisdiction under 28 U.S.C. § 1291.

3. Ambrose contends his motion was a Rule 60(b)(3) motion for relief from a final judgment for fraud, misrepresentation, or misconduct, while Krause contends the motion was brought pursuant to Rule 60(b)(1) for relief for mistake. Ambrose's sole argument for voiding the CSA was that there was no "meeting of the minds" with respect to paragraph 11. Ambrose contended the parties had "substantial conflicting understandings of the con-

tractual language contained in Paragraph 11." Because Ambrose's motion made no mention of fraud, misrepresentation, or misconduct by Krause, we will review the motion under Rule 60(b)(1).

4. Ambrose asserted that he believed the restrictions contained in paragraph 11 would only be applicable once a judgment was entered and that Krause, whose counsel drafted the CSA, either shared this belief or knew of Ambrose's belief.

5. We review the District Court's denial of Ambrose's Rule 60(b) motion for abuse of discretion. *Brown v. Philadelphia Housing Auth.*, 350 F.3d 338, 342 (3d Cir.2003).

6. The parties agree that Pennsylvania law applies to this dispute.

*see also Consol. Rail Corp.*, 188 F.3d at 96 (" 'Mutual mistake exists where both parties to a contract are mistaken as to existing facts at the time of execution.' " (quoting *Holt v. Dep't of Pub. Welfare*, 678 A.2d 421, 423 (Pa.Commw.Ct.1996))).

Ambrose's argument misunderstands the nature of the mistake doctrine. In his motion to void the CSA, he did not contend that he executed the CSA under a belief that was not in accord with the facts. Instead, Ambrose set forth his interpretation of paragraph 11. Stated differently, Ambrose raised a dispute over the meaning of a particular provision in the CSA. "Disputes over the meaning of a given phrase are common in contract disputes; the presence of such interpretive ambiguity, however, does not go to whether the contract is enforceable, but rather who (the judge or the jury) must decide what the given clause means." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 585–86 (3d Cir.2009). "To hold otherwise would improperly transform run-of-the-mill challenges to the interpretation of contractual language into far more significant disputes over contractual enforceability." *Id.* at 586. Because Ambrose did not allege a "mistake" that could void the CSA, the District Court did not abuse its discretion by denying his motion.

Ambrose's dispute over the meaning of paragraph 11 was addressed by the District Court in its grant of summary judgment in favor of TCA, which Ambrose also challenges.[7] The District Court determined the CSA unambiguously barred the TCA Action as a matter of law once TCA asserted its indemnification claim against Krause[8] Ambrose contends paragraph 11 contained ambiguous language because he believed the provision that he would not "seek to collect" any judgment meant "execute" a judgment. Under Ambrose's interpretation, he would be permitted to continue the TCA Action to judgment, and only upon judgment would he be prohibited from executing the judgment "if collection ... might foreseeably lead to a claim for indemnification against Krause." Ambrose contends the District Court erred by failing to identify this ambiguity and consider the parol evidence he offered.

■ Ambrose's argument is without merit. "When a written contract is clear and unequivocal, its meaning must be determined by its contents alone." *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1010 (3d Cir.1980) (citation omitted); *Mace v. Atl. Ref. & Mktg. Corp.*, 567 Pa. 71, 785 A.2d 491, 496 (2001). A contract is ambiguous if it is reasonably susceptible to different constructions and capable of being understood in more than one sense. *St. Paul Fire & Marine Ins. Co. v. Lewis*, 935 F.2d 1428, 1431 (3d Cir. 1991). Under Pennsylvania law, ambiguous contracts are interpreted by the trier of fact, and unambiguous contracts are interpreted by the court as a matter of law. *Mellon Bank*, 619 F.2d at 1011 n. 10. We

---

**7.** Our review of an order granting summary judgment is plenary, and we apply the same standard as the District Court. *Am. Eagle Outfitters*, 584 F.3d at 580–81. Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "All inferences must be drawn in the light most favorable to the nonmoving party." *Am. Eagle Outfitters*, 584 F.3d at 581 (citation omitted).

**8.** The District Court also determined paragraph 12 barred the TCA Action because TCA was one of the intended beneficiaries of paragraph 12's release provision. Because we agree with the District Court that paragraph 11 barred the TCA Action once the indemnification claim was asserted, we do not need to decide whether the District Court properly interpreted paragraph 12.

agree with the District Court's conclusion that paragraph 11 unambiguously barred Ambrose from obtaining any judgment from TCA once the indemnification claim was asserted.[9] Accordingly, we will affirm the judgment of the District Court.[10]

---

9. Ambrose further contends the District Court erred by dismissing his state law claims because they were not impacted by the CSA. The Amended Complaint included state law claims for unfair trade practices (Count V), civil conspiracy (Count VI), breach of contract (Count VIII), and for a declaratory judgment (Count IX). To the extent any of these claims were not dismissed as barred by the CSA, they were dismissed without prejudice as the District Court declined to exercise jurisdiction over any pendent state law claims.

10. Krause and TCA bring separate appeals. Krause challenges the District Court's order denying its motion for leave to file a counterclaim against TCA in the TCA Action. A few hours before the court entered its summary judgment order, Krause filed a motion for leave to file a counterclaim against TCA for negligence and breach of the duty of good faith and fair dealing. The court denied Krause's motion as moot, but in subsequent

orders explained that Krause's motion was denied without prejudice for the counterclaims to be filed in state court. The court expressly declined to exercise jurisdiction over any pendent state law claims. Krause's appeal is without merit. "A district court may decline to exercise supplemental jurisdiction over a claim if 'the district court has dismissed all claims over which it has original jurisdiction.'" *Elkadrawy v. Vanguard Group, Inc.*, 584 F.3d 169, 174 (3d Cir.2009) (quoting 28 U.S.C. § 1367(c)(3)). Because the District Court had dismissed Ambrose's federal claims, it did not abuse its discretion by denying Krause's motion without prejudice for the state law counterclaims to be filed in state court.

TCA contends its third-party complaint against Krause contained state law claims distinct from its claims for indemnification and contribution. We have reviewed the third-party complaint. The only claims asserted are for indemnification and contribution.