J-A19029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| MARK STEWART, REPRESENTATIVE OF THE ESTATE OF STEPHAN STEWART | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| WAL-MART STORES EAST, LP, WAL-MART STORES, INC. | |
| Appellee | No. 3301 EDA 2015 |

Appeal from the Order Entered September 16, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2012 - No. 4533

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 16, 2016**

Mark Stewart, Representative of the Estate of Stephan Stewart (Stewart), appeals from order entered on September 16, 2015, in the Court of Common Pleas of Philadelphia County, granting Wal-Mart Stores East, L.P.'s and Wal-Mart Stores, Inc.'s (Wal-Mart) motion to enforce settlement. In this timely appeal, Stewart raises two issues. Stewart claims the trial court erred in: (1) granting the motion to enforce the settlement, and (2) determining there had been no mutual mistake at the time of the settlement. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

We take the factual and procedural history from the trial court opinion. Our review of the certified record confirms the facts are supported by the record.

> This matter comes before the Superior Court following a four day jury trial, which commenced on March 23, 2015. Although jury deliberations concluded, the parties agreed to settle the matter just before the verdict was received by court staff but not yet revealed. On August 7, 2015, approximately five months later, Mark Stewart, as personal representative for the Estate of Stephan Stewart filed a Motion for a Pre-Trial Conference contending that the settlement was predicated upon a mutual mistake of a [lack of] governmental lien; the Court denied the Motion. Wal-Mart Stores East, L.P. and Wal-Mart Stores, Inc. … then filed a Motion to Enforce Settlement, which the Court granted.
>
> …
>
> In August 2012, [Stewart's] decedent, Stephan Stewart, filed suit against [Wal-Mart] under a theory of negligence for injuries he sustained while working at a distribution center associated with [Wal-Mart]. The matter went to trial on March 23, 2015. After four days of testimony before a jury, the parties settled the case at the close of jury deliberations but before the verdict was reported. (Trial Worksheet, March 26, 2015). The settlement was made of record. Five months later, on August 7, 2015, [Stewart] filed a Motion for Pre-Trial Conference for the trial to be relisted after [Stewart] and his counsel received a notice of lien from the Pennsylvania Department of Public Welfare ("DPW"). The lien comprised DPW's recovery for medical assistance benefits provided to the decedent. (Mot. For Pre-Trial Conf. Aug. 7, 2015). [Stewart] contended there was a mutual mistake of fact about the lien resulting in an invalid settlement agreement. This Court denied the Motion for Pre-Trial Conference. (Order Entered by J. Tucker, Sept. 9, 2015). [Wal-Mart] then filed a Motion to Enforce Settlement for the settlement agreement the parties reached at the conclusion of the trial. This Court granted the Motion to Enforce Settlement, agreeing with [Wal-Mart] that there was no mutual mistake of fact.

[Stewart] filed a Notice of Appeal for the instant matter and the Court ordered a concise statement of error complained on appeal pursuant to Pa.R.A.P. 1925(b) (hereinafter referred to as "1925(b) Statement"). [Stewart] filed his 1925(b) Statement and alleged three errors made by this Court in relation to the Motion to Enforce Settlement and the Motion for Pre-Trial Conference. Specifically, [Stewart] claims the Court erred in (1) granting the Motion to Enforce Settlement as the settlement was premised on a mutual mistake; (2) denying the Motion for a Pre-Trial Conference as the settlement was premised on a mutual mistake; and (3) concluding the dispositive question regarding the lack of mutual mistake was whether the lien by the Department of Public Welfare existed at the time of settlement.

Trial Court Opinion, 11/16/2015, at 1-2.

Our standard of review of a trial court's grant or denial of a motion to enforce a settlement agreement is plenary, as the challenge is to the trial court's conclusion of law. We are free to draw our own inferences and reach our own conclusions from the facts as found by the trial court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence.

*Casey v. GAF Corp.*, 828 A.2d 362, 367 (Pa. Super. 2003) (citation omitted).

Additionally, the question of whether there existed a mutual mistake "presents a pure question of law, and, therefore, our standard of review is plenary." *Jones v. Prudential Property & Cas. Ins. Co.*, 856 A.2d 838, 842 (Pa. Super. 2004) (citation omitted).

Further, we note:

Settlement agreements are enforced according to principles of contract law. *Pulcinello v. Consolidated Rail Corp.*, 784 A.2 122, 124 (Pa. Super. 2001). Courts will enforce a settlement agreement if all its material terms are agreed upon. *Century Inn, Inc. v. Century Inn Realty*, 358 Pa.Super. 53, 516 A.2d 765, 767 (1986). A settlement agreement will not be set aside

- 3 -

absent a clear showing of fraud, duress or mutual mistake. ***Rago v. Nace***, 313 Pa.Super. 575, 460 A.2d 337, 339 (1983).

***Felix v. Giuseppe Kitchens & Baths, Inc.***, 848 A.2d 943, 947 (Pa. Super. 2004). Evidence of a mutual mistake must be shown by evidence that is "clear, precise and convincing." ***Id***. at 948.

Finally,

> As elsewhere, Pennsylvania courts recognize mutual mistake as a valid ground for rescinding or reforming a settlement agreement. ***See, e.g.***, ***Lanci v. Metropolitan Ins. Co.***, 388 Pa.Super. 1, 564 A.2d 972, 974 (1989). "Mutual mistake exists where both parties to a contract are mistaken as to existing facts at the time of a execution." ***Holt v. Dep't of Public Welfare***, 678 A.2d 421, 423 (Pa.Commw.Ct 1996). Furthermore, the doctrine will apply only where the mistake: (i) relates to the basis of the bargain; (ii) materially affects the parties' performance; and (iii) is not one as to which the injured party bears the risk. ***See Lanci***, 564 A.2d at 974; Restatement (Second) Contracts, § 152 (1981).

***Consolidated Rail Corp. v. Portlight, Inc.***, 188 F.3d 93, 96 (1999).[1]

The only basis alleged by Stewart to avoid this settlement agreement is mutual mistake; there are no allegations of fraud or duress. Therefore, if the trial court correctly determined there had been no mutual mistake, all of Stewart's claims must fail.

As noted above, immediately after the jury reached a verdict in this matter, but before it was announced, the parties agreed to settle the underlying negligence action for payment of $325,000 to the Estate, the

---

[1] We are aware that this federal decision is not binding upon us, however, the quoted text represents an accurate statement of Pennsylvania law.

settlement was made part of the record and the jury was dismissed with the verdict unrevealed.

Records indicate that Stephan Stewart was injured on or about March 1, 2011 and received extensive in patient medical treatment at the Lehigh Valley Hospital from March 30, 2011 to October 27, 2011, incurring more than $1,000,000 in medical bills. The approved payment amount totaled $206,156.29. By letter dated July 1, 2015, approximately four months after the settlement had been entered on the record, DPW claimed the approved payment amount as a lien.

Upon receipt of the lien information, Stewart sought to rescind the settlement agreement, claiming that based on the belief DPW was asserting no lien, there had been a mutual mistake in entering into the settlement agreement.

Upon our review of the certified record and the submissions by the parties, we agree with the trial court that any misunderstanding regarding the existence of an enforceable lien represents a unilateral mistake on the part of Stewart, and not a mutual mistake attributable to both parties.

The trial court accurately stated, "It is a long held principle that a party's failure to adequately estimate damages or a party's decision to settle before damages are accurately assessed does not constitute a mutual mistake. **Smith** [**v. Thomas Jefferson University Hospital**], 621 A.2d [1030] at 1032 [(Pa. Super. 1993)]; **Leyda v. Norelli**, 564 A.2d 244, 245 (Pa. 1989); **Emory v. Mackiewicz**, 240 A.2d 68, 70 (Pa. 1968)." Trial

Court Opinion, 11/16/2015 at 4. Here, Stewart was aware that the decedent, Stephan Stewart, had been provided substantial care at the Lehigh Valley Hospital, and that DPW had the right to assert a lien to recover benefits provided. *See* Trial Court Opinion at 4-5. We also note that the affidavit of Mark W. Stewart, presented to the court as part of the petition for approval of settlement, states that he was aware that it was his obligation to investigate the existence and amounts of any liens as well as to satisfy those any such liens. *See* Affidavit, 6/9/2015. Therefore, any mistake regarding the existence of a DPW lien was Stewart's and directly affected the amount of damages. As such, Stewart's failure to accurately assess damages does not qualify as a mutual mistake rendering the settlement void.

Additionally, the trial court noted that the doctrine of mutual mistake applies to those facts known at the time of the settlement and not to any incorrect predictions of future events. Prior to the trial, on July 21, 2014, Stewart's counsel had received a letter from DPW in response to a letter apparently inquiring about the existence of a lien.[2] The letter from DPW stated, *in toto*:

---

[2] The certified record does not contain the letter to DPW. Accordingly, we do not know what information was provided to DPW, nor do we know the precise question asked of DPW. Additionally, the letter from DPW was addressed to an entity named "Garretson Firm Resolution Group Inc." of Charlotte, North Carolina. We assume that Garretson was hired by Stewart's counsel to investigate the existence of a lien.

> Pursuant to your letter dated June 20, 2014, the Department of Public Welfare (DPW), Third Party Liability (TPL) – Casualty Unit, has reviewed the information you provided regarding the above referenced individual.
>
> DPW has determined this individual stopped receiving medical assistance on February 29, 2012. Therefore, the Department's TPL – Casualty Unit has no claim on this individual.
>
> If you have any questions, please feel free to contact me.

Letter from DPW, 7/16/2014.

Stewart asserts this letter confirmed DPW was not intending to assert a lien against any recovery obtained in the instant lawsuit. However, as noted previously, Stephan Stewart treated extensively and had incurred substantial medical bills. Despite this knowledge, Stewart never questioned the letter. Stewart's failure to further inquire before trial and settlement was his mistake.

Finally, the trial court determined there was no indication at the time of the agreement that the non-existence of a DPW lien was an element of the settlement. Specifically, the trial court stated:

> After the jury sent two questions to the Court during deliberations, the parties began negotiating a possible settlement and ultimately agreed to settle the matter for $325,000 (Trial Tr. 140-150, March 26, 2015). The possibility of a lien by DPW or any decision to waive such a lien did not enter these discussions, which were on the record.

Trial Court Opinion, 11/16/2015, at 5. There was no indication, in the record, that the existence of a DPW lien was a material consideration in the formation of the settlement agreement.

Finally, the doctrine of mutual mistake only applies to those instances where the mistake is <u>not</u> one as to which the injured party bears the risk. ***See Consolidated Rail***, ***supra***. Here, the affidavit submitted by Mark Stewart clearly states that it is Stewart's duty to ascertain the existence and amount of any lien. Therefore, any mistake regarding the existence and/or amount of a lien was a risk which Stewart bore. As such, it is not subject to the doctrine of mutual mistake.

Because there was no mutual mistake, none of Stewart's claims of error have merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/16/2016</u>