J-A02030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYLER BRENT KERN | : | |
| | : | |
| Appellant | : | No. 508 WDA 2021 |

Appeal from the Order Entered March 22, 2021
In the Court of Common Pleas of Butler County Criminal Division
at CP-10-CR-0000054-2019, CP-10-CR-0000082-2019,
CP-10-CR-0002252-2018

BEFORE: OLSON, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED: FEBRUARY 9, 2022**

Tyler Brent Kern (Appellant) appeals from the order denying his petition purportedly filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The trial court summarized the relevant procedural history as follows:

[Appellant] was charged by three informations, one filed February 4, 2019 [at docket 2252-2018 (case 2252 or 2252-2018),] and two filed on February 22, 2019[, at dockets 0054-2019 (case 0054) and 0082-2019 (case 0082)]. The charges included aggravated assault, retail theft, receiving stolen property, conspiracy, fleeing, and several vehicle code violations, among various other charges. On the three cases, [Appellant] pled guilty on July 10, 2019[, **pursuant to written, negotiated plea agreements** explained *infra*,] to aggravated assault and retail theft at case 2252 …; retail theft and fleeing/attempting to elude police officers at case 0054 …; and disorderly conduct at

---

[*] Retired Senior Judge assigned to the Superior Court.

case [] 0082….  [During the plea proceedings, Appellant was represented by Attorney Bobette Magnusen (plea counsel).]

[Appellant] was sentenced on August 8, 2019 to undergo imprisonment for not less than 16 months nor more than 32 months[, **followed by**] **36 months of probation**, at case 2252….  At case 0054 … [Appellant] was sentenced to 3 to 6 months of [concurrent] incarceration, for which he was immediately paroled, **followed by 36 months of probation**, to run "concurrent with the probation at 2252/18."  At [case 0082, Appellant] was found guilty of disorderly conduct without further punishment.

Trial Court Opinion, 6/9/21, at 1-2 (emphasis added; footnotes and some capitalization omitted).

Pertinently, there is a handwritten notation on the plea agreement at case 0054 stating: "*Concurrent with 2252-2018."  Appellant's Brief, Appendix D (plea agreement, 7/10/19).  Further, the written plea agreements at cases 0054 and 2252 indicate that probation would be determined by the trial court at sentencing.  ***See id.***  Appellant did not file a direct appeal.

In February 2020, Appellant sent correspondence to plea counsel, which was eventually filed with the trial court and treated as a timely first petition under the PCRA.  ***See*** Amended PCRA Petition, 6/1/20, Exhibit H (correspondence filed 2/18/20); ***see also*** 42 Pa.C.S.A. § 9545(b)(1) (PCRA one-year time bar).  Appellant claimed his aggregate sentence breached the terms of the above plea agreements, which purportedly called for probation "to run **concurrent** with [Appellant's] state sentence" of incarceration.  Correspondence, 2/18/20 (emphasis added).  In other words, Appellant

asserted his entire probationary term was to run concurrent with his incarceration, at **all** case numbers, and all counts.

The trial court appointed counsel, who filed an amended PCRA petition on June 1, 2020. Counsel argued the terms of the plea agreements were ambiguous, and the court should thus consider parol evidence to clarify the ambiguity. Counsel asserted: "[T]he phrase "[c]oncurrent with … 2252-2018" ('the phrase') appears on the bottom of the plea agreement for the matter [in case] 0054…. The phrase is vague, unclear, and fails to clearly indicate what terms are concurrent." Amended PCRA Petition, 6/1/20, ¶ 15 (citation to exhibit omitted); *see also id.* ¶ 17 (arguing the court improperly "omitted a term of [Appellant's] plea agreements.").

The Commonwealth filed an answer in opposition on July 2, 2020. The court convened a hearing on February 2, 2021, at which Appellant and plea counsel testified. The court denied the petition by order entered March 22, 2021. Appellant timely appealed.[1] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

_____

[1] Though Appellant filed a single notice of appeal that contained multiple docket numbers, he did not violate **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) ("where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."); *see also* Pa.R.A.P. 341(a). The order denying relief does not state that Appellant would need to file separate notices of appeal at each docket. *See* **Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*) (declining to apply **Walker** where order informed appellant he had 30 days to file "**an** appeal," and misled appellant by suggesting one notice of appeal was

*(Footnote Continued Next Page)*

- 3 -

Appellant presents four issues for our review:

I. Whether the global plea agreement drafted by the Commonwealth was ambiguous, as a matter of law[?]

II. Whether [Appellant] adduced sufficient evidence at the February 2, 2021 hearing to show that the plea agreement was ambiguous[?]

III. Whether the trial court's denial of parol evidence deprived [Appellant] from presenting material evidence of the surrounding circumstances involved in his plea negotiations[?]

IV. Whether the cumulative weight of these errors in finding that there was no ambiguity in the global plea agreement and denying [Appellant's] parole [*sic*] evidence deprived [Appellant] of receiving a sentence in accord with the terms of the agreement he entered into with the Commonwealth[?]

Appellant's Brief at 4.

Preliminarily, we recognize that "a collateral petition to enforce a plea agreement is regularly treated as **outside the ambit of the PCRA** and under the contractual enforcement theory of specific performance." ***Commonwealth v. Kerns***, 220 A.3d 607, 611-12 (Pa. Super. 2019) (emphasis added). However, we may address the merits of a challenge to the denial of a collateral petition to enforce a plea agreement. ***See id.*** at 612; ***Commonwealth v. Walston***, 256 A.3d 29, at *5 n.2 (Pa. Super. 2021) (unpublished memorandum) (citing ***Kerns***); ***see also Commonwealth v.***

---

sufficient) (emphasis added); ***see also Commonwealth v. Stansbury***, 219 A.3d 157, 160-61 (Pa. Super. 2019).

*Katona*, 191 A.3d 8, 16 (Pa. Super. 2018) (*en banc*) (this Court may affirm on any basis, and we are not limited by a trial court's rationale).

Next, we address Appellant's first two issues together because they are related. Appellant argues the aggregate sentence imposed by the trial court does not comport with the negotiated plea agreement, where the Commonwealth agreed that Appellant's probation should run concurrent with his incarceration. **See** Appellant's Brief at 13-19. Appellant contends the wording, "*concurrent with 2252-2018," contained in the plea agreement at case 0054, is vague, ambiguous, and subject to more than one reasonable interpretation. **See id.**

"[E]ven though a plea agreement arises in a criminal context, it remains contractual in nature and is to be analyzed under contract law standards." ***Commonwealth v. Hainesworth***, 82 A.3d 444, 449 (Pa. Super. 2013) (*en banc*) (citation and quotation marks omitted). "Contract interpretation is a question of law, so [o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." **Kerns**, 220 A.3d at 612 (citation and quotations omitted)).

We have explained:

The fundamental rule in contract interpretation is to ascertain the intent of the contracting parties. In cases of a written contract, the intent of the parties is the writing itself. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent,

> created by extrinsic or collateral circumstances. A contract is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.

*Harley v. Healthspark Found.*, 2021 WL 4768157, at *18 (Pa. Super. 2021) (citation omitted).

With regard to plea agreements, "it is critical that [they] are enforced, to avoid any possible perversion of the plea bargaining system." *Hainesworth*, 82 A.3d at 449 (citation and quotation marks omitted).

> Plea bargains which are entered knowingly and voluntarily are viewed with favor in this Commonwealth. If a trial court accepts a plea bargain, the defendant who has given up his constitutional right to trial by jury must be afforded the benefit of all promises made by the district attorney. Specific enforcement of valid plea bargains is a matter of fundamental fairness.

*Id.* (citations and quotation marks omitted). Further, "disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication." *Kerns*, 220 A.3d at 612 (citation omitted). "Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity." *Id.* (citation omitted); *see also Pass v. Palmiero Auto. of Butler, Inc.*, 229 A.3d 1, 5 (Pa. Super. 2020) (an ambiguity does not exist "if it appears that only a lawyer's ingenuity has made the language uncertain." (citation and quotation marks omitted)).

Here, the court found the plea agreements were not ambiguous, stating:

> [T]he plea agreement at [case 00]54 …, dated July 10, 2019, includes the handwritten phrase "*concurrent with 2252-2018" located at the bottom of the page. The agreed recommended sentence in the plea agreement at [case] 2252 … stated that [Appellant] would serve 16 to 32 months incarceration on count two, and probation as set by the court on count 4.[2] In these set of circumstances, the phrase "concurrent with 2252-2018" logically only makes sense if [Appellant's] probation time is to run concurrent on both cases. [Appellant] was sentenced to both a term of imprisonment and a term of probation on both cases [0054 and 2252]. **If probation on a case is to run concurrently with a prison sentence on another sentence, there would be no purpose to have the probation on the first case**. [Appellant] would serve his probation while undergoing more serious supervision while imprisoned.
>
> The phrase "concurrent with 2252-2018" is thus clear. **The two terms of imprisonment are to run concurrently**[, *i.e.*, **at cases 0054 and 2252**]**, and the two terms of probation are to run concurrently on their own**. Otherwise, there would be no functional use for the probation assigned by the court at [case 00]54 …. As a result, there was no ambiguity in the plea agreements at either case, and the plea agreement is valid as written.

Trial Court Opinion, 3/22/21, at 3-4 (footnote and emphasis added; some capitalization omitted).

The record supports the trial court's rationale, and we agree with its conclusion. Under the totality of the circumstances, the terms of the plea agreements are subject to only one objectively reasonable interpretation, such

---

[2] As stated above, Appellant was sentenced at case 2252 to 36 months of probation, consecutive to the sentence of incarceration at that case.

that there are no ambiguities in the writings. **See Kerns**, **supra**. Accordingly, Appellant's first two issues lack merit.

Appellant next contends the court erred in denying his request to introduce parol evidence to clarify the purported ambiguity in the plea agreements. **See** Appellant's Brief at 19-21; **see also Harley**, **supra** (parol evidence is admissible to explain or clarify an ambiguous contract). Appellant argues, "[w]ithout considering [parol] evidence, the trial court failed to consider relevant conflicting evidence capable of clarifying the [p]hrase," *i.e.*, the notation in the plea agreement at case 0054, "*concurrent with 2252-2018." Appellant's Brief at 21.

As we have determined there is no ambiguity in the plea agreements, the court properly declined Appellant's request to admit parol evidence. **See Pass**, 229 A.3d at 6 ("Because there was no ambiguity, the trial court properly declined to admit parol evidence."). Nevertheless, the court competently addressed and rejected this claim, stating:

> Pennsylvania's Superior Court has stated that "the purpose of the parol evidence rule is `... to preserve the integrity of written agreements by refusing to permit the contracting parties to attempt to alter the import of their contract through the use of contemporaneous (or prior) oral declarations.'" **LeDonne v. Kessler**, 389 A.2d 1123, 1126 (Pa. Super. 1978), citing **Rose v. Food Fair Stores, Inc.**, 262 A.2d 851, 853 (Pa. 1970). The Court went on to state that
>
> > [w]here the alleged prior or contemporaneous oral representations or agreements concern a subject which is specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well

settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify or supersede the written contract is inadmissible in evidence.

*Id.* at 1126-27.

The Superior Court has stated that "[t]he law of Pennsylvania is that if a mistake is not mutual, but unilateral, and is not due to the fault of the party not mistaken, but to the negligence of the one who acted under the mistake, it affords no basis for relief, unless the party not mistaken has good reason to know of the unilateral mistake." *Com., Dep't of Educ. v. Miller*, 466 A.2d 791, 792 (Pa. Commw. Ct. 1983), citing *McFadden v. Am. Oil Co.*, 257 A.2d 283, 288 (Pa. Super. 1969).

Additionally, the Superior Court "further note[s] that `to justify reformation of a contract on the basis of mutual mistake, evidence of the mistake must be clear and convincing.'" *Jones v. Prudential Prop. & Cas. Ins. Co.*, 856 A.2d 838, 844 (Pa. Super. 2004). Also, "extrinsic evidence is generally admissible for the purpose of showing that by reason of a mutual mistake, a written instrument does not truly express the intention of the parties." *McFadden*, 257 A.2d at 287.

Here, it is unclear what parol evidence [Appellant] alleges was denied. At the hearing regarding [Appellant's petition to enforce plea agreement], the [c]ourt permitted almost all the testimony to be entered. Several documents were entered into the record, including the plea agreement itself, the sentence orders at the three cases, a transcript of the sentencing, and an affidavit by [plea] counsel. N.T. [], 02/02/2021 at 4-5. [Appellant] testified to his beliefs and understanding regarding the plea agreement.

The only testimony excluded at that hearing was [plea] counsel's response to a question posed [by Appellant's counsel] as follows: "is it your belief at the time [Appellant] entered into his plea agreement at issue here that he believed his probation would run — ." [*Id.*] at 26-27. An answer was not permitted for this question because it called for the witness to state her beliefs of the beliefs of some other person. *Id.* After this issue was

resolved, [c]ounsel for [Appellant] had no further questions for that witness.

The plea agreement was the final contract for the purposes of the parol evidence rule. No evidence of prior or contemporaneous agreements may be entered unless fraud, accident, or mistake are proven. No fraud or accident was alleged. While [Appellant] seems to be alleging mistake, it appears to be unilateral, with no allegations of fraud. Under *Miller*, *supra*, there is no relief available in this case under those circumstances.

No evidence was introduced to show that any alleged mistake was mutual. The Commonwealth appears to have understood the terms of the plea agreement, and [Appellant] does not contend that the Commonwealth was mistaken. Therefore, any alleged denial of parol evidence, if it existed, was proper.

Trial Court Opinion, 6/9/21, at 4-6 (some citations modified). Accordingly, Appellant's third issue does not merit relief.

Finally, Appellant argues "the cumulative weight of [the court's] errors in finding that there was no ambiguity in the global plea agreement and denying [Appellant's] parole [*sic*] evidence deprived [Appellant] of receiving a sentence in accord with the terms of the agreement he entered into with the Commonwealth." Appellant's Brief at 21 (bold omitted). We disagree. There is no merit to Appellant's underlying claims, and "[n]o number of failed claims may collectively warrant relief if they fail to do so individually." *Commonwealth v. Flor*, 259 A.3d 891, 936 (Pa. 2021) (citation and brackets omitted); *Commonwealth v. Bomar*, 104 A.3d 1179, 1216 (Pa. 2014) (same). Our review reveals no error or abuse of discretion by the court in denying Appellant's collateral petition to enforce plea agreement.

Order affirmed.

- 10 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/09/2022