Opinion by
Montgomery, J.,
This is an appeal from an order opening a judgment entered by confession on a note dated August 30, 1960, drawn in favor of the appellant, Roth Rug and Carpet Company, as payee, signed as follows:
“Kemilworth Restaurant Company, Inc.
Homer H. Dasey (Seal)
'Laura W. Dasey (Seal)”
The note was. negotiated, to a third party, the Pittsburgh National Bank (Bank) which caused judgment to be entered thereon against .both the corporation and Laura W. Dasey, individually (Homer H. Dasey having died ‘ previously). Subsequently, the note and judgment were reassigned to the original payee (Roth), which presently contends that both the corporation and Laura W. Dasey are liable to it.
The effect of Mrs. Dasey’s signature on the note is the issue before us. She was secretary of the corporation but did not personally participate in the transaction out of which the delivery of the note arose, viz., a salé of carpeting by Roth for use by the corporation in the dining room of the restaurant it was operating.
Mrs. Dasey contends that her signature was affixed in a representative capacity but through accident and mistake or inadvertence that fact was not shown on the note.
Roth contends that Mrs. Dasey signed individually and that her signature and that of her husband, in their capacities as officers of the corporation, were omitted inadvertently.
Thus both parties allege a mistake in the execution of the note. .
The lower court opened the judgment for the reason that the pleadings (Petition and Answer) and the deposition of Mrs. Dasey were sufficient to establish the fact that the failure to indicate her capacity as representative of the corporation was through accident and mistake. . ■
*241 Since this dispute is between the original parties to the instrument, the Uniform Commercial Code, §3-403, as amended by the Act of October 2, 1959, P. L. 1023, §3, is applicable. “(2) An authorized representative who signs his own name to an instrument. . . . (b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented, but does not show that the representative signed in a representative capacity, . . .” 12A P.S. §3-403(2) (b). (Emphasis supplied)
Appellant Both takes a somewhat technical position in that he asks us to close our eyes to its answer wherein it admits mutual error in the execution of the note, and to resolve this issue solely on the basis of the deposition of Mrs. Dasey, which Roth contends does not establish that her mistake in failing to show her representative capacity was mutual. It refers to Pa. R. C. P. 209, providing for the taking of depositions on issues of fact, dispute as to which is raised by a petition and answer. However, we find no support for the argument advanced by appellant in that rule. There is nothing in it which precludes the court from accepting facts not in dispute, as admitted by the pleadings. Vallish v. Rapoport, 364 Pa. 25, 70 A. 2d 616, cited by appellant, is not to the contrary but in fact supports the procedure of considering the petition, answer, and deposition in disposing of applications to open judgments.
These proceedings are equitable in nature and the exercise of its discretion by a lower court in opening a judgment will not be interfered with unless there is a misapplication of the law or an otherwise abuse of that discretion. Brown & Bigelow, Inc. v. Borish, 165 Pa. Superior Ct. 308, 67 A. 2d 823. We find neither present in this case.
Order affirmed.