421 A.2d 1194

**Arthur DARABANT and Lorraine Darabant**

**v.**

**ATWOOD HOME BUILDERS, INC., a corporation, Appellant,**

**v.**

**Michael SCHMIDT, Additional Defendant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1979.

Filed Sept. 5, 1980.

Maurice A. Nernberg, Jr., Pittsburgh, submitted a brief on behalf of appellant.

Kim R. Bobrowsky, Pittsburgh, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

Mr. and Mrs. Arthur Darabant, appellees herein, entered into a written contract with Atwood Home Builders, Inc., appellant herein to perform certain repair work on the exterior of their home. The work was not performed to their satisfaction and they brought suit against the appellant to recover damages. The appellant counter–claimed for extra work done on the premises and joined Michael Schmidt, a subcontractor, as an additional defendant.

A compulsory arbitration hearing resulted in the recommendation of an award to the appellees. The appellant appealed and requested a jury trial. The case was assigned to Judge Marion Finkelhor for jury trial. At a pre–trial conference with the judge, a settlement was negotiated

whereby the appellant and the additional defendant would perform certain work and pay the appellees the sum of three hundred ($300.00) dollars to settle the suit. Despite the inclusion of certain performance dates in the agreement, none of the settlement terms were carried out. As a consequence, the appellees filed a Motion to set aside the settlement agreement and list the case for trial. The appellant countered with a Motion to enforce the agreement.

In response to these Motions, the Court held a hearing to determine the status of the performance of the work, why it had not been done and whether it could be rescheduled. It developed from the testimony that the parties did not agree on what work was to be done or when any of the work could be done. At the conclusion of the hearing, the Court entered an Order in which it found that the settlement agreement was ambiguous, that the appellant had not complied with it to the satisfaction of the appellees and that further negotiations would not resolve the dispute and therefore ordered the settlement agreement stricken and the case placed upon the September 1979 Trial List.

The appellant has appealed from that Order. We face the threshold question of appellate jurisdiction. This is neither a final order from which an appeal can be taken under Pa.R.A.P. 341 or one of the appealable interlocutory decrees from which an appeal is authorized by Rule 311. The appellant contends that placing the matter on the trial list is close enough to an order granting a new trial to come within Rule 311.

We do not agree. The Court has not ordered a new trial; it has ordered an initial trial, which was what the appellant requested when it appealed from the arbitration award and asked for a jury trial. The Court has now returned the case to square one, exactly where it was before the aborted settlement negotiations were initiated by the Court. The case has been placed on the trial list, nothing more. No appeal lies from such an order.

Appeal dismissed.