533 A.2d 152

**NATIONAL RECOVERY SYSTEMS, Appellant,**

v.

**Allen PERLMAN, Appellee.**

Superior Court of Pennsylvania.

Argued April 28, 1987.

Filed Nov. 6, 1987.

Melvin Rubin, Ardmore, for appellant.

Kevin Kercher, Allentown, for appellee.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

BECK, Judge:

This appeal presents the issue of whether an order denying a motion to enforce an alleged settlement agreement is appealable. We find that it is not, and therefore quash this appeal.

On September 19, 1985, appellant National Recovery Systems filed an action in assumpsit to recover $18,000 which appellee Allen Perlman had allegedly borrowed and failed to repay. Appellee filed preliminary objections which were argued and subsequently denied. On December 26, 1985,

appellee filed an answer and new matter to appellant's action. The case was then scheduled to be heard by an arbitration panel on May 21, 1986.

Prior to the hearing date, however, the parties exchanged correspondence regarding settlement. Appellant claims that in that correspondence, appellee offered appellant the sum of $9,000.00 in full and final settlement of the suit, to be paid within ten days after appellant's acceptance of the settlement offer. Appellant avers that he accepted this settlement offer and a binding contract arose. Appellee, on the other hand, claims that appellant's purported acceptance added the condition of payment within ten days and was therefore no more than a counteroffer, which appellee did not accept.

On May 9, 1986, appellant filed a motion to enforce the alleged settlement agreement, which the trial court denied. Appellant filed a timely appeal of the trial court's order. Appellee then moved to quash the appeal as being interlocutory in nature.

We agree with appellee that the denial of a motion to enforce a settlement agreement is non-appealable. We therefore quash this appeal.

This is not the first time that this court has considered whether an order denying enforcement of an alleged settlement agreement is appealable. In *Darabant v. Atwood Home Builders, Inc.*, 281 Pa.Super. 153, 421 A.2d 1194 (1980), this court dismissed an appeal from an order striking a settlement agreement and placing the case on the trial list. The court in *Darabant* found that such an order was neither a final order from which an appeal could be taken pursuant to Pa.R.App.P. 341, nor was it one of the appealable interlocutory decrees from which an appeal is authorized by Pa.R.App.P. 311. *Id.*, 281 Pa.Super. at 155, 421 A.2d at 1195. The court did not consider, however, whether or not the order was appealable under the doctrine first enunciated in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949),

and adopted by Pennsylvania in *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975).

We therefore consider whether an order denying enforcement of a settlement agreement is appealable under the *Cohen* doctrine.

Under *Cohen,* an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.

*Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978).

The trial court's order in the instant case is separable from and collateral to the main cause of action. The order disposed of the issue of whether the purported settlement agreement was enforceable, a matter separable from the merits of appellant's claim in assumpsit. We assume arguendo that appellant's right to enforcement of the settlement agreement is a right too important to be denied review. However, we do not find that the question of the validity of a settlement agreement is "such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Pugar v. Greco,* 483 Pa. at 73, 394 A.2d at 545.

The right appellant is asserting in this action is the right to the benefit of what appellant alleges is a valid settlement agreement. The primary benefit of such an agreement is, of course, the avoidance of the time, expense, and other burdens incidental to proceeding to trial on the underlying assumpsit claim. While our quashing this appeal has the effect of requiring appellant to proceed to trial on the underlying claim, it does not affect in any way appellant's *right* to the benefits of his settlement agreement. Appellant is free to raise the issue of the validity of the settlement agreement on appeal from the judgment on the underlying claim, or in a collateral action. If the settlement agreement is determined to be valid, appellant will have the right to recover from appellee the damages caused by

appellee's breach of the agreement, including the time, expense, and other burdens of proceeding to trial.

It was this availability of later review that persuaded our Supreme Court in *Pugar v. Greco* to hold that an order denying parties' leave to appeal an arbitration award until they had paid the costs of arbitration as required by local rule was not appealable under the *Cohen* standard. Appellants challenged the rule on the grounds that requiring them to pay the costs of arbitration before being permitted to appeal the award to the court of common pleas deprived them of their right to a jury trial. Our Supreme Court said:

> The order of the trial court is, indeed, collateral to the basic liability question, and it does involve a right too important to be denied review. The order does not, however, adversely affect a claimed right which will be irreparably lost if review is postponed. Although appellants must in the first instance pay the required amount of costs and fees *they do not thereby lose their right to question the validity of the fee payment as a condition to their right to trial de novo either at the termination of this proceeding or in a collateral action.* The issue is neither waived nor mooted by the inability of appellants to appeal at this stage. Appellants are not "out of court", either on the merits of the automobile accident claim or on the right to jury trial question. Upon payment of the fee and costs appellants' appeal from the adverse arbitrators' award will proceed in the customary manner. If they or either of them should not succeed in that *de novo* trial, the alleged error in requiring the payment of the $60 fee as a condition of the ability to have a jury trial can be raised on appeal in the normal course, along with any other assignments of error. If, however, either appellant or both should prevail in their trial *de novo*, they will not be precluded from seeking the return of the fee from the court, for the ruling on the fee payment will have become a final adverse ruling from which an appeal would then lie. Alternatively, they might choose to proceed by a collateral action. While

either method may be more cumbersome for them than it would be if this court were to reach and decide the merits on this present appeal, each alternative would comport with our policy of discouraging a multiplicity of appeals in a single case, or, as it has sometimes been put, the policy of precluding "piecemeal determinations and the consequent protraction of litigation." *McGee v. Singley,* 382 Pa. 18, 114 A.2d 141 (1955).

*Pugar v. Greco,* 483 Pa. at 75, 394 A.2d at 545–546 (emphasis added) (footnote omitted).

We quash this appeal because the order here does not meet the requirements for appealability under the *Cohen* doctrine. We also wish to state our growing conviction that our approach to the appealability of orders under *Cohen* needs to be re-examined. As stated by Judge Del Sole, in a dissenting opinion in *Zarnecki v. Shepegi,* 532 A.2d 873, 881 (Pa.Super.1987) (Del Sole, J., dissenting):

> The present state of the law in this area is confusing to say the least. Our appellate courts have held that the failure to immediately appeal one of these misnomered 'final and appealable orders' results in a loss of the right to have the trial court action later reviewed. *See Mineo v. Tancini,* 349 Pa.Super. 115, 502 A.2d 1300 (1986), *Fidelity Bank v. Duden,* 361 Pa.Super. 124, 521 A.2d 958 (1987); (dissenting opinion by Del Sole, J.). This in and of itself invites cautious counsel, when faced with the difficult question of determining whether or not an order is appealable, to take an immediate appeal, delay the litigation at the trial level and further burden the appellate courts of Pennsylvania.

We are of the opinion that both the bench and bar would be better served by a return to the strict definition of a final order given in *Pugar v. Greco:* "one which usually ends the litigation, or alternatively, disposes of the entire case," 483 Pa. 68, 73, 394 A.2d 542, 545 (1978), at least as to one party to the suit.

Appeal quashed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I am in total agreement with the majority in calling for a re-examination of the collateral order doctrine. On the facts of this case, however, I disagree with the majority's conclusion that the order denying the motion to enforce the settlement agreement was not appealable.

It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Fried v. Fried,* 509 Pa. 89, 93, 501 A.2d 211, 213 (1985); *Pugar v. Greco,* 483 Pa. 678, 72, 394 A.2d 542, 544 (1978). "A final order is one which usually ends the litigation, or alternatively, disposes of the entire case." *Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 544–545. "Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.' " *Fried v. Fried, supra,* 509 Pa. at 93, 501 A.2d at 213, *quoting T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). Moreover, "[t]he finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 545, *quoting, Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975); *Praisner v. Stocker,* 313 Pa.Super. 332, 337, 459 A.2d 1255, 1258 (1983).

The instant order denying appellant's motion to enforce an alleged settlement agreement is not a final order under these principles. It did not end the litigation, nor dispose of the merits of the case. Neither did it put either party out of court on a claim or defense going to the merits of the case.

These conclusions do not end the inquiry, however. Importantly, our courts have adopted and followed an exception to the final judgment rule carved out by the United States Supreme Court in *Cohen v. Beneficial Industrial Loan Corporation,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See Fried v. Fried, supra,* 509 Pa. at 94, 501 A.2d at 214; *Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 545; *Praisner v. Stocker, supra,* 313 Pa.Super. at 342, 459 A.2d at 1260–1261.

Under *Cohen,* an order is considered final and appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost. *Id.* 337 U.S. at 546, 59 S.Ct. at 1226, 93 L.Ed. at 536.

*Pugar v. Greco, supra,* 483 Pa. at 73, 394 A.2d at 545, *citing Cohen v. Beneficial Industrial Loan Corporation, supra,* 337 U.S. at 546, 59 S.Ct. at 1226. To qualify under the *Cohen* exception all three factors must be met. *Fried v. Fried, supra,* 509 Pa. at 95, 501 A.2d at 214.

The trial court's order in the instant case is separable from and collateral to the main cause of action. The order disposed of whether or not a purported settlement agreement should be enforced, a matter separable from the merits of appellant's claim in assumpsit. Moreover, the order involves a right too important to be denied review, *i.e.,* the right to enforce a settlement agreement and thereby avoid further litigation. Finally, the question presented is such that, in my opinion, the claimed right will be irreparably lost if review is postponed until final judgment in this matter. If we deny review at this time, appellant must litigate a claim which he contends has been settled. Appellant, as a result, may lose any right he has to avoid the time, expense and other burdens incidental to litigation, by requiring his adversary to abide by an allegedly binding settlement agreement. I am cognizant of the goal of eliminating "piecemeal determinations and the consequent protraction of litigation." *Pugar v. Greco, supra,* 483 Pa. at 75, 394 A.2d at 545–546, *quoting McGee v. Singley,* 382 Pa. 18, 22, 114 A.2d 141, 143 (1955). In this case, however, litigation may be avoided entirely if we allow review at this time rather than requiring appellant to wait until final judgment. Furthermore, such a decision comports with "a strong judicial policy in favor of parties voluntarily settling lawsuits." *Rothman v. Fillette,* 503 Pa. 259, 266, 469 A.2d 543, 546 (1983).

Voluntary settlement of civil controversies is in high judicial favor. Judges and lawyers alike strive assiduously to promote amicable adjustments of matters in dispute, as for the most wholesome of reasons they certainly should. When the effort is successful, the parties avoid the expense and delay incidental to litigation of the issues; the court is spared the burdens of a trial and the preparation and proceedings that must forerun it.

*Id.*, 503 Pa. at 267, 469 A.2d at 546, *quoting Autera v. Robinson*, 419 F.2d 1197, 1199 (U.S.App.D.C.1969). *See also Carson v. American Brands, Inc.*, 450 U.S. 79, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). Because I have found that the three factors under the *Cohen* exception have been met, the trial court's order denying enforcement of the purported settlement agreement is appealable at this time.[1]

Before turning to the merits of this appeal, I believe a review of the facts and procedural history is necessary.

On September 19, 1985, appellant, National Recovery Systems, filed an action in assumpsit to recover $18,000 which appellee, Allen Perlman, had allegedly borrowed and failed to repay.[2] Appellee filed preliminary objections which were argued and subsequently denied. Thereafter, on December 26, 1985, appellee filed an answer and new matter to appellant's action. The case was then scheduled to be heard by an arbitration panel on May 21, 1986.

Prior to the hearing date, however, the parties exchanged correspondence regarding settlement. By letter dated April

1. In *Darabant v. Atwood Home Builders, Inc.*, 281 Pa.Super. 153, 421 A.2d 1194 (1980), a panel of this Court dismissed an appeal from an order striking a settlement agreement and placing the case on the trial list, holding that such an order was neither a final order from which an appeal can be taken under Pa.R.A.P. 341, nor one of the appealable interlocutory decrees from which an appeal is authorized by Pa.R.A.P. 311. *Id.*, 281 Pa.Super. at 155, 421 A.2d at 1195. The panel did not address, however, whether the order in question was separable from and collateral to the main cause of action and therefore potentially appealable under the *Cohen* exception. I, consequently, find *Darabant* distinguishable from the case presently before us.

2. Appellant is the assignee of Caesar's Palace Hotel of Las Vegas, Nevada. Appellee denies that said sums were a loan, claiming that they were instead monies used to gamble in Las Vegas.

4, 1986, appellee's counsel wrote to appellant's counsel as follows:

> After discussions with my client, I am authorized to offer the sum of $9,000.00 in full and final settlement of the above-captioned matter. Payment will be made to you within ten days after I receive notice of your acceptance of this offer. I await your advice.

Appellant's motion to enforce settlement, Exhibit A. By letter dated April 10, 1986, appellant's counsel responded as follows:

> This will confirm my telephone conversation with you yesterday wherein I advised that my client had accepted the offer of $9,000.00 in full and final settlement.
>
> .        .        .        .        .
>
> In accordance with our agreement I look forward to receipt of your check within ten days, together with executed copies of the forms. Upon receipt of your check or when your client's check clears I will provide an Order to make the case settled, discontinued and ended.

Appellant's motion to enforce settlement, Exhibit B.

Subsequently, on May 9, 1986, appellant filed a motion to enforce the settlement agreement allegedly contained in the foregoing letters. On the same date, appellant filed a rule to show cause why the motion should not be granted. Appellee answered the motion and rule on May 27, 1986, admitting the exchange of the above letters but at the same time denying that the case was settled "since the acceptance of the offer to settle was not in accordance with the terms of the original offer and, indeed, the acceptance of said offer placed an additional condition of ten days payment upon which the Defendant did not agree to nor did Defendant make." Appellee's answer to motion and rule, paragraph 14.

Following argument, the Honorable David E. Mellenberg, by an order dated October 10, 1986, denied appellant's motion. Judge Mellenberg indicated that appellant, by listing the matter for argument rather than following the procedures outlined in Pa.R.C.P. 209, had admitted appel-

lee's allegation that the purported acceptance by appellant included the additional condition of payment within ten days after acceptance. That being the case, the judge found that the alleged acceptance was actually a counteroffer, and concluded that consequently, there was no enforceable settlement agreement. Appellant filed a timely appeal which appellee subsequently moved to quash as being interlocutory in nature.

The trial court denied appellant's motion to enforce the alleged settlement based upon appellant's failure to comply with the procedures of Pa.R.C.P. 209. Under that rule, when a petitioner orders the cause for argument on the petition and answer without first taking depositions on any disputed fact issues, factual averments responsive to the petition and properly pleaded in the answer are to be taken as true against the petitioner. *Philadelphia City Employees Federal Credit Union v. Bryant*, 310 Pa.Super. 526, 531, 456 A.2d 1060, 1063 (1983); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 137, 403 A.2d 577, 580 (1979). Noting that appellant listed the matter for argument without taking depositions, the trial court ruled that it would take as true appellee's allegations that the purported acceptance of appellee's settlement offer included the additional condition of payment within ten days after acceptance. Finding that this additional term was material to the agreement, the trial court concluded that appellant's reply was merely a counteroffer and that, therefore, there was no agreement to enforce.

Appellant contends that it was not required to take depositions in this matter in view of admissions contained in appellee's answer to appellant's motion. Specifically, appellee admitted that his counsel made an offer of settlement by the letter dated April 4, 1986, and that his counsel received the April 9, 1986, letter from appellant's counsel purporting to accept that offer. Appellee's offer, appellant notes, states that payment would be made within ten days after appellee's counsel received notice of acceptance of the offer. Accordingly, argues appellant, the ten-day requirement was

not a term which appellant added, but was part of appellee's offer. Moreover, the letters attached to the petition and admitted by appellee, appellant asserts, speak for themselves, thus alleviating the need for depositions on this question.

After careful consideration, I conclude that the trial court erred in ignoring appellee's admission regarding the letters discussing settlement. In ruling on appellant's motion, the trial court relied solely on Rule 209, focusing exclusively on the averments of paragraphs 9 and 14 of appellee's answer. Although Rule 209 does require that the trial court take as true factual averments properly pleaded in appellee's answer, the rule does not require that the court close its eyes to appellee's admissions also contained in that answer. *Cf. Pittsburgh National Bank v. Kemilworth Restaurant Co.*, 202 Pa.Super. 238, 241, 195 A.2d 919, 920 (1963) ("There is nothing in [Rule 209] which precludes the court from accepting facts not in dispute, as admitted by the pleadings.").

Troublesome in this case is the apparent inconsistency in appellee's answer. Before the court on the one hand is appellee's allegation, which must be taken as true under Rule 209, that appellant's alleged *acceptance* added the condition of payment within ten days, while on the *other* is appellee's admission that his counsel offered the sum of $9,000.00 in full and final settlement by a letter dated April 4, 1986, which *letter-offer* includes the statement that "[p]ayment will be made to you within ten days after I receive notice of your acceptance of this offer." Nothing in appellee's answer explains this inconsistency. Appellee having made the foregoing admissions, the trial court, in my opinion, erred in relying exclusively on Rule 209 and appellee's averment concerning the ten-day requirement in ruling on appellant's motion to enforce the settlement.

Due to appellee's inconsistent pleading, factual issues remain unresolved. Consequently, I believe it appropriate to remand the case for depositions and argument on whether the acceptance of appellee's offer added the requirement of payment within ten days. Taking into consideration

558

appellee's admission regarding the April 4, 1986 letter, the trial court should make appropriate findings and conclusions and grant or deny appellant's motion accordingly.