540 A.2d 576

**Mary BARTUS**

v.

**Ronald W. BARTUS, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 23, 1988.

Filed April 11, 1988.

George Pettrone, Pittsburgh, for appellee.

Before McEWEN, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

Ronald W. Bartus appeals from one proviso of an order entered November 19, 1986 by the Honorable Lawrence Kaplan, of the Court of Common Pleas of Allegheny County, Family Division. This proviso referred the enforcement of a dispute as to the transfer of personalty arising pursu-

ant to a marital separation agreement to compulsory arbitration.[1] We quash this appeal as interlocutory.

As this Court has stated:

[A]n appeal will lie only from a final order unless otherwise permitted by rule or statute. A final order is one which either ends the litigation or disposes of the entire case. Whether an order is final and appealable cannot necessarily be ascertained from the face of a decree alone, nor simply from the technical effect of the adjudication. The finality of an order is a judicial conclusion which can only be reached after an examination of its ramifications. (Citations omitted.)

*Katz v. Katz*, 356 Pa.Super. 461, 464, 514 A.2d 1374, 1376 (1986).

Allegheny County Local Rules for *Compulsory Arbitration* provide:

Rule 1301. *Scope.*

(*1) The following civil actions, proceedings and appeals or issues therein where the demand is for $10,-000.00 or less (exclusive of interests or costs) shall first be submitted to and heard by a board of three members of the bar of the court:

(a) Assumpsit cases, except:

(i) Where an accounting is demanded.

\*    \*    \*    \*    \*    \*

(e) Matters transferred to compulsory arbitration by the court even though the original demand may have exceeded 10,000.00 (exclusive of interest and costs).

(*2) Actions, proceedings, appeals or matters other than those set forth in *1 shall not be submitted to,

---

1. The trial court issued the following order:
   AND NOW, to-wit, this 19th day of November, 1986, upon consideration of Plaintiff's Motion to Enforce Separation Agreement:·
   1. As to personalty is referred to arbitration;
   2. Refile on custody forms for review of custody;
   3. Husband to pay $800.00 for the three summer months.

transferred by a court to, heard or determined by a Board of Arbitrators appointed under 42 Pa.C.S. § 7361.

Allegheny County Local Rule *1301.

An order directing that a Board of Arbitrators hear a dispute is not a final order.[2] Neither party is put out of court and the order does not determine the claims which have been raised. This order is not a final order from which an appeal may be taken pursuant to Pa.R.A.P. 341, nor is it an interlocutory order from which appeal is authorized by Pa.R.A.P. 311. Nor do we find this order to be appealable under the doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corporation*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), adopted by this Commonwealth in *Bell v. Beneficial Consumers Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). The *Cohen* doctrine holds an order appealable if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment, the claimed right will be irreparably lost. *National Recovery Systems v. Perlman*, 367 Pa.Super. 546, 549, 533 A.2d 152, 153 (1987).

We do not find that if review is postponed until final judgment, the claimed right will be irreparably lost. Appellant complains that the equitable relief of specific performance is the only appropriate relief in a dispute over the disposition of personal property. Appellee rightly points out that parties can obtain equitable relief in an arbitration case variously; they may settle the case either before or after the arbitration judgment or they may exercise the statutory right to appeal *de novo* to a court with equity jurisdiction. 42 Pa.C.S. § 7361(d).

Appeal quashed.

**2.** The question as to which division of a court of common pleas is the proper forum for commencing an action in assumpsit involving a marital agreement is a question of internal common pleas court administration. *Cf. Binder v. Miller*, 456 Pa. 11, 317 A.2d 304 (1974); 42 Pa.C.S. § 952.