**Eugene P. WRIGHT, Appellant**

v.

**LEXINGTON & CONCORD SEARCH AND ABSTRACT LLC and Glenn Randall and Abe Senders and C.S. Bell Mortgage Inc., and Corey Scott.**

Superior Court of Pennsylvania.

Argued April 26, 2011.

Filed Aug. 1, 2011.

---

Anthony B.E. Quinn, Philadelphia, for appellant.

BEFORE: OLSON, FREEDBERG, and COLVILLE *, JJ.

## OPINION BY FREEDBERG, J.:

Appellant, Eugene P. Wright appeals an order of the Philadelphia Court of Common Pleas that denied his "Motion to Assign Case for Trial for Failure of Defendant to Deliver Settlement Funds." For the reasons that follow, we vacate the order and remand for further proceedings consistent with this Opinion.

In December 2008, Appellant filed a Complaint against three individual defendants and two business entities based on alleged predatory lending practices related to the refinancing of Appellant's home. Following reinstatement of the Complaint, all defendants were served in 2009. The court entered default judgments against Abe Senders, C.S. Bell Mortgage, Inc. and Corey Scott because of failure to file an Answer. Appellees Glenn Randall and Lexington & Concord Search and Abstract LLC ("L & C") filed an Answer. On October 28, 2009, Appellant and Appellees Randall and L & C appeared for trial. Prior to the commencement of trial, the court assisted the parties in reaching a settlement under which Appellant would settle his claims against Appellees in exchange for $1,000.00. Appellant signed a release to this effect the same day. An Order dated October 28, 2009, and docketed October 30, 2009, provides in relevant part:

> The Court having been advised that the within case has been settled, the case shall be marked "Discontinued" on the Prothonotary's docket and removed from the applicable list and inventory of pending cases.... This case may be restored to the trial list only upon written order of the team/program leader. This relief shall be requested by formal motion.

(Trial Court Order dated October 28, 2009).

Appellees made no attempt to comply with the settlement agreement. On Febru-

* Retired Senior Judge appointed to the Superior Court.

ary 13, 2010, Appellant filed a Motion to Assign Case for Trial for Failure of Defendant to Deliver Settlement Funds averring: (1) the Prothonotary marked the case "discontinued," and failed to advise him of this action; (2) pursuant to Pa. R.C.P. 229(a) and 229.1(c), the exclusive method to discontinue a case is for the plaintiff to file a discontinuance with the Prothonotary; (3) Appellees failed to comply with the terms of the settlement; and (4) pursuant to Pa.R.C.P. 229.1(d), Appellant had the available remedies of invalidating the agreement or imposing sanctions upon the Appellees. Appellees did not file an Answer. By Order dated May 25, 2010, the trial court denied Appellant's Motion.[1] On July 22, 2010, Appellant filed a timely notice of appeal and Statement of Errors Complained of on Appeal.

Appellant raises the following issues for our review:

> WHERE PLAINTIFF HAS NOT FILED A DISCONTINUANCE UNDER Pa.R.C.P. 229 [AND] 229.1, MAY THE CIVIL ACTION BE REMOVED FROM THE TRIAL LIST?
>
> WHERE SETTLEMENT FUNDS ARE NOT DELIVERED TO THE PLAINTIFF, MAY PLAINTIFF INVALIDATE THE AGREEMENT OF SETTLEMENT AS PERMITTED BY LAW?

▮▮▮▮ "The issue before us involves the proper interpretation of a rule. This is a question of law, and thus, our standard of review is *de novo.* Our scope of review, to the extent necessary to resolve the legal question before us is the entire record, and thus, is plenary." *Touloumes v. E.S.C.*

---

**1.** The trial court's October 28, 2009 Order was not a final appealable Order because it allowed the case to be restored to the trial list upon request by formal motion. *See Gerrow v. Shincor Silicones, Inc.,* 756 A.2d 697

*Incorporated,* 587 Pa. 287, 899 A.2d 343, 346 n. 4 (2006) (citations omitted).

Discontinuances are governed by Pa. R.C.P. 229, which provides:

**Rule 229   Discontinuances**

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before the commencement of the trial.

(b)(1) Except as otherwise provided in subsection (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court after notice to all parties.

(b)(2) In an action governed by Rule 1042.3, a plaintiff may enter a discontinuance as to a defendant if a certificate of merit as to the defendant has not been filed.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice.

Settlement funds are governed by Pa. R.C.P. 229.1, which provides in relevant part:

**Rule 229.1   Settlement Funds.   Failure to Deliver.   Sanctions**

. . .

(c) If a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days from receipt of an executed release.

---

(Pa.Super.2000). However, the May 25, 2010 Order currently before us is final and appealable because it forecloses the possibility of a verdict ever being entered in this matter.

*Note:* ... Upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant.

(d) If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to

    (1) invalidate the agreement of settlement as permitted by law, or

    (2) impose sanctions on the defendant as provided in subsection (e) of this rule

Pa.R.C.P. 127 guides our interpretation of court rules, and provides in relevant part:

**Pa.R.C.P. 127   Construction of Rules. Intent of Supreme Court Controls**

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words or a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

. . . . .

■ Appellant asserts that the plain language of Rule 229 provides that discontinuance shall be the sole method of voluntary termination by the plaintiff before commencement of trial. Rule 229.1(c) provides that within twenty calendar days of entering into a release, the defendant must deliver the settlement funds to the plaintiff. If the defendant fails to deliver the settlement funds, the plain language of Rule 229.1 allows the plaintiff to seek either of two remedies. He can seek to invalidate the settlement agreement, and thus allow the matter to return to the trial list, or he can seek sanctions against the defendant. Appellant argues that a matter can be discontinued only on praecipe of the plaintiff, and not by the court *sua sponte.*

In its Opinion in support of the May 25, 2010 Order, the trial court states:

This Court has determined that the proper Motion in this case should have been a Motion to Enforce Settlement or a Motion for Sanctions when it became apparent that Appellees did not deliver the settlement funds. Essentially, the crux of Appellant's issue is that this Court denied him the opportunity to go to trial after all parties discussed and agreed to the terms of a settlement agreement, which was then made part of the record. Appellant likewise disputes the procedure by which the Prothonotary dockets cases which have been settled in front of a trial judge, arguing that, despite an official, in-court agreement that the matter has ended, the case should remain open until such time in the future when a party determines that a case should be discontinued . . . . .

This Court has read [the intention of Rule 229.1] as one to govern instances where the matter has been settled prior to coming before a judge for trial. The Court believes that the Rule's purpose is to protect parties from reneging on an agreement which has not been made part of an official record. In the instant case, the parties did not agree to a settlement until the day of trial, after discussing the matter in chambers with this Court. At that time, the parties both indicated to this Court that the matter was settled. If any party's intention was not to settle and that party falsely led this Court to believe otherwise, then sanctions, and not a new trial, would be a proper remedy.

The thrust of the issue, however, is whether the Prothonotary properly en-

tered the discontinuance on the docket. It is the procedure of this Court to enter a discontinuance on the docket of any case which has been settled in Court in front of a judge. This case was not discontinued at the request of Appellee; the case was discontinued as a result of being settled in front of a judge. This Court notes and fully supports the general judicial policy which strongly favors the settlement of law suits and, in the absence of fraud or mistake, will enforce a settlement agreement.

(Trial Court Opinion filed 9/10/2010 at 2–3) (citation omitted).

■ Appellant asserts that the trial court erred by ordering the Prothonotary to mark the case discontinued and removed from the inventory of pending. cases upon being informed that the case was settled. The Note to Pa.R.C.P. 229.1(c) provides in relevant part that "upon receipt of the settlement funds, the plaintiff shall file a discontinuance or deliver a discontinuance to the defendant." Accordingly, in a case settled without judicial intervention prior to the commencement of trial, it is the receipt of settlement funds by the plaintiff that triggers the filing of a discontinuance. If the settlement funds are not received, there will be no discontinuance. In its Opinion, the trial court suggests that where a case is settled in court before a judge, it is appropriate for the court to enter a discontinuance. However, the Rules of Civil Procedure do not differentiate between a pre-trial settlement reached without judicial intervention and one reached with judicial intervention.[2] The trial court's belief that the Rule 229.1 does not apply to this matter because the Rule's purpose "is to pro-

tect parties from reneging on an agreement which has not been made part of an official record," Trial Court Opinion filed 9/10/2010 at 3, has no basis in the language of the Rule. Rule 229.1 applies to *all* settlement agreements, whether reflected on an official record or not, if the purpose is to protect parties from reneging on an agreement. Therefore, while it was appropriate for the court to enter an order noting that the matter was settled, the trial court should not have ordered the Prothonotary to mark the matter discontinued and removed from the inventory of pending cases. When plaintiff receives the settlement funds, plaintiff then should file a discontinuance or deliver a discontinuance to the defendant.

In this case, Appellant transmitted an executed release to Appellee's counsel on October 28, 2009. Appellee failed to deliver the funds as of February 13, 2010, when Appellant filed his Motion to Assign the Case for Trial. Rule 229.1(d) permits a plaintiff who reaches a pre-trial settlement to seek the following relief if the defendant does not deliver the settlement funds within twenty calendar days from receipt of an executed release: the plaintiff may "seek to invalidate the agreement of settlement as permitted by law," or "seek to impose sanctions on the defendant." Pa. R.C.P. 229.1(d)(1),(2). Here, the trial court denied Appellant the opportunity to seek invalidation of the settlement agreement based on its flawed interpretation of Rule 229.1(d), which it believed applied to "instances where the matter has been settled prior to coming before a judge for trial." (Trial Court Opinion filed 9/10/2010 at 3).

---

**2.** The fact that a settlement is reached after discussion with the court does not remove the matter from the purview of Rule 229 which governs voluntary termination of a matter by the plaintiff before commencement of trial.

If involvement by the court in settlement discussions were to occur during trial, the appropriate method to voluntarily terminate the action would be by nonsuit pursuant to Pa. R.C.P. 230.

The trial court erred by ordering the prothonotary to mark the matter discontinued, and abused its discretion by refusing to consider the merits of Appellant's Motion to Assign the Case for Trial. For these reasons, the Order of the trial court is vacated and the matter is remanded for consideration of the merits of Appellant's Motion.

Order vacated. Case remanded. Jurisdiction relinquished.