J.A30035/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANDY SU AND DON NGUYEN, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MT REALTY, LLC, TERRY WANG | : | |
| AND KATHY H. LOUIE, | : | |
| | : | |
| Appellee | : | |
| | : | No. 3373 EDA 2014 |

Appeal from the Order Entered October 9, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s): February Term, 2012, No. 3439

BEFORE: MUNDY, JENKINS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                **FILED OCTOBER 26, 2015**

Plaintiffs/Appellants, Andy Su and Don Nguyen, appeal from the order entered in the Court of Common Pleas denying their motion to enforce the settlement agreement between them and Defendants/Appellees, MT Realty, LLC, Terry Wang, and Kathy H. Louie. We hold the order is not final and appealable under Pa.R.A.P. 341 and thus quash.

On February 29, 2012, Appellants commenced this breach of warranty of title action against Appellees. On August 29, 2013, "[a]fter approximately eight days of trial, a settlement was reached [and] placed on the record." Trial Ct. Op., 2/3/15, at 1. The settlement agreement required "the transfer

---

[*] Former Justice specially assigned to the Superior Court.

of title to the [subject] property back to [Appellees], the exchange of certain funds, and other conditions[.]" ***Id.*** After the parties stated their settlement agreement on the record, the trial court remarked, "I'll mark my file closed." N.T. Settlement Agreement, 8/29/13, at 7. The relevant docket entry stated, "Settled after assignment for trial. 8/29/13 by the court: Judge R.C. Jackson."[1] Trial Docket, 11/7/14, at 22.

Seven months later, on March 29, 2013, Appellants filed the underlying motion, invoking Pa.R.C.P. 229.1[2] and alleging Appellees failed to satisfy two terms of the settlement agreement. The petition stated, *inter alia*, Appellants had "two exclusive remedies: 1) to move to enforce the settlement, or 2) to abrogate the settlement and move to trial," and that they were "exercis[ing] their exclusive right to sanctions and entry of a judgment." Appellants' Aff. Under Pa.R.C.P. #229.1 for Failure of Appellees to Deliver Settlement Funds, 3/19/14, at ¶¶ 23, 25.

The court held hearings on June 10 and July 8, 2014. Appellants' Brief at 12. On October 8, 2014, the court denied Appellants' motion, finding: (1) Appellants' first allegation against Appellees had "been resolved and any claim for enforcement is moot;" and (2) where Appellees' payment of certain proceeds was conditional on Appellants' obtaining a reduction of the

---

[1] Trial was conducted before the Honorable Ricardo Jackson. After his retirement, the underlying motion to enforce settlement was heard by the Honorable Idee C. Fox.

[2] ***See*** Pa.R.C.P. 229.1 (Settlement Funds. Failure to Deliver. Sanctions).

inheritance tax lien on the property, Appellants failed to present proof of the reduction.[3]  Order, 8/9/14.  Appellant took this appeal.

On December 22, 2014, this Court issued a *per curiam* order, stating the general rule that an order denying a motion to enforce a settlement is not final and appealable, because it does not dispose of all claims and all parties and the parties retain the remedy of proceeding to trial to resolve all disputed issues.  Order, 12/22/14 (citing Pa.R.A.P. 341(b); **Friia v. Friia**, 780 A.2d 664 (Pa. Super. 2001)).  The order directed Appellants to show cause why this appeal should not be quashed.[4]  Appellants filed a response,

---

[3] The trial court summarized this issue as follows:

> The [$36,011.17] lien was for outstanding Inheritance Taxes due from the Estate of [the real owners.  Appellants] contend that the parties agreed that [Appellants] would seek to reduce the lien, any outstanding tax would be paid and the difference between the tax and the lien reduction would be shared between the parties 60% to [Appellees and] 40% to [Appellants].  Also, [Appellants] would try to find the Administrator of the . . . . Estate and have the Administrator file an inheritance tax return. . . .

Trial Ct. Op. at 2.  The court stated that in support of Appellants' claim that they reduced the lien, they presented a Pennsylvania state tax return filed on behalf of the estate and "a receipt from the Department of Revenue dated October 22, 2012, which indicated a payment of $2,177.72 and that no balance was due from the return filed."  **Id.** at 3.  Appellees, meanwhile, "submitted a title report . . . dated June 25, 2014, listing the open lien on the [subject] Property in the amount of $36,011.17."  **Id.**  The trial court thus found, "The full lien remained against the Property and had not changed from the date of the Agreement."  **Id.**

[4] **See Knisel v. Oaks**, 645 A.2d 253, 255 (Pa. Super. 1994) ("[B]ecause the question of appealability implicates the jurisdiction of [this] Court, a non-

J.A30035/15

stating their appeal does not involve a denial to enforce a settlement agreement, but instead they now seek to attempt "to reject the settlement and place the matter back on the trial list for trial" under Pa.R.C.P. 229.1(d)(1).[5] Appellants' Ltr., 1/2/15, at 3, 7.

Although Appellants rely on Pa.R.C.P. 229.1(d)(1),[6] this Court has stated, "Rule 229 . . . governs voluntary termination of a matter by the plaintiff **before** commencement of trial. If involvement by the court in settlement discussions were to occur **during** trial, the appropriate method to voluntarily terminate the action would be by nonsuit pursuant to Pa.R.C.P. 230." ***Wright v. Lexington & Concord Search & Abstract LLC***, 26 A.3d 1134, 1138 n.2 (Pa. Super. 2011) (emphases added).[7] Rule 230 states:

> (a) A voluntary nonsuit shall be the exclusive method of voluntary termination of an action in whole or in part by the plaintiff during the trial.

---

waivable matter,". . . we are . . . required to determine the appealability of the order that we have been asked to review.").

[5] In their appellate brief, Appellants request reversal of the instant order denying their motion to enforce settlement "and remand with instructions to award [them] damages, interest, counsel fees and costs." Appellants' Brief at 31.

[6] **See** Pa.R.C.P. 229.1(d)(1) ("If settlement funds are not delivered to the plaintiff within the time required by subdivision (c), the plaintiff may seek to . . . invalidate the agreement of settlement as permitted by law[.]").

[7] **See also Wright**, 26 A.3d at 1138 ("Rule 229.1(d) permits a plaintiff who reaches a **pre-trial** settlement to seek the following relief if the defendant does not deliver the settlement funds within twenty calendar days from receipt of an executed release: the plaintiff may 'seek to invalidate the agreement of settlement as permitted by law,' or 'seek to impose sanctions on the defendant.' Pa. R.C.P. 229.1(d)(1), (2)." (emphasis added)).

- 4 -

(b) A plaintiff may not obtain a voluntary nonsuit without leave of court upon good cause shown and cannot do so after the close of all the evidence.

Pa.R.C.P. 230(a)-(b) (note omitted).

Generally, an appeal may only be taken from a final order. Pa.R.A.P. 341(a). "A final order is any order that (1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c)[.]" Pa.R.A.P. 341(b)(1)-(3). As stated above, an "order denying a motion to enforce settlement . . . is not final because it does not dispose of all claims and all parties; the parties retain the remedy of proceeding to trial to dispose of disputed issues." *Friia*, 780 A.2d at 667 (citing *National Recovery Systems v. Perlman*, 533 A.2d 152, 152-53 (Pa.Super. 1987)); *see also Knisel*, 645 A.2d at 256 (holding order refusing to enforce a settlement was not appealable).

However, "where the circumstances of the case make the remedy of trial inaccessible, an order refusing to enforce settlement is final as contemplated by rule 341." *Friia*, 780 A.2d at 667 (citing *Kramer v. Schaeffer*, 751 A.2d 241, 244-45 (Pa. Super. 2000)).

In *Friia*, parties entered into a settlement agreement and the trial court contemporaneously dismissed the plaintiff's complaint with prejudice. *Friia*, 780 A.2d at 668. The trial court denied the plaintiff's subsequent motion to enforce settlement. *Id.* at 666. This Court held the order was

appealable, emphasizing the trial "court's express dismissal of the underlying action **with prejudice**" "effectively removed the option of trial," and "finality was achieved when the court denied [the plaintiff's] petition to . . . Enforce Settlement." *Id.* at 668.

In *Kramer*, the plaintiffs' negligence action proceeded to trial, and the jury entered a verdict, finding the defendant was liable but awarding $0 damages. *Kramer*, 751 A.2d at 243. Subsequently, a substitute insurance adjuster, "not aware that the case had already been tried to a jury verdict," presented a settlement offer of $3,500 to the plaintiffs' attorney. *Id.* The attorney accepted. *Id.* When the substitute insurance adjuster learned of the jury verdict, he informed the plaintiffs' attorney that the insurance company "will be standing by the $0.00 verdict." *Id.* The plaintiffs filed a petition to enforce settlement, which was denied. *Id.* On appeal, this Court noted "the case has already been tried to a verdict[ and] damages have been determined," and held the appeal was properly before it. *Id.* at 244-45.

As stated above, in their response to this Court's rule to show cause, Appellants aver the trial "court refused to set the case to resume trial" pursuant to Pa.R.C.P. 229.1(d)(1). Appellants' Ltr. at 3, 7. They quote extensively from *Friia*, *Knisel*, and *Kramer*.[8] Likewise, their underlying

---

[8] Appellants also rely on *Geniviva v. Frisk*, 725 A.2d 1209 (Pa. 1999). Appellants' Ltr. at 3 ("*Genevivia* . . . does not support that this case is not

motion to enforce settlement requested "sanctions and entry of judgment" under Rule of Civil Procedure 229.1. Appellants' Aff. At ¶ 25. However, because the settlement agreement was executed **during** trial, Rule 229.1 is not applicable, and instead Rule 230 applies. **See** Pa.R.C.P. 230; **Wright**, 26 A.3d at 1138 & n.2. Rule 230 does not set forth sanctions or other relief in the event of the failure to deliver settlement funds, but instead merely provides that "[a] voluntary nonsuit shall be the exclusive method of voluntary termination of an action in whole or in part by the plaintiff during the trial." **See** Pa.R.C.P. 230.

Here, Appellants did not file a voluntary nonsuit. **See id.** At the time the settlement agreement was entered on the record, the trial court marked the matter "settled" but did not discontinue or dismiss the underlying action. Furthermore, the underlying order of October 9, 2014, merely denied Appellant's request to enforce the settlement agreement; the order did not rule on their request for the entry of judgment or any purported request to resume trial proceedings. The parties thus "retain the remedy of proceeding to trial to dispose of disputed issues." **See Friia**, 780 A.2d at 667. Appellant has not established this matter falls outside the general rule that an order denying a motion to enforce settlement is not appealable.

---

appealable as of right."). However, Appellants properly note that in that decision, the appeal lied from the trial court's refusal to **approve** a settlement agreement, and that "[t]he appeal at bar does not involve the refusal of a court to approve a settlement requiring court approval." **See id.**

*Compare Friia*, 780 A.2d at 668; *Kramer*, 751 A.2d at 244-45. Accordingly, we hold the court's October 9, 2014 order is not final and not appealable.

For the foregoing reasons, we quash this appeal. The Prothonotary is directed to remove this case from the October 27 and 28, 2015, argument list.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2015