J-S52028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROGER D. SHAFFER AND ANN DOLIVEIRA SHAFFER, HIS WIFE, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| EBENSBURG POWER CO.; BABCOCK & WILCOX EBENSBURG POWER INC.; T/D/B/A  EBENSBURG POWER CO.; EBENSBURG INVESTORS LIMITED PARTNERSHIP T/D/B/A EBENSBURG POWER CO, POWER SYSTEMS OPERATIONS, INC., | |
| Appellees | No. 225 WDA 2015 |

Appeal from the Order Entered January 8, 2015
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2001-4552

BEFORE:  SHOGAN, OLSON and WECHT, JJ.

MEMORANDUM BY OLSON, J.:                   **FILED NOVEMBER 13, 2015**

Appellants, Roger D. Shaffer (Roger) and Ann Doliveira Shaffer (Ann) (collectively, Appellants), appeal from the order entered on January 8, 2015 denying Appellants' request for interest on settlement funds.  We affirm.

The facts and protracted procedural history of this case are as follows. On February 5, 2001, Roger was injured at the Ebensburg Power Company electrical generation plant.  As a result, he filed a personal injury suit against Appellees (collectively, hereinafter "Ebensburg").  In 2003, just prior to trial, the parties reached a settlement agreement.  Thereafter, Ebensburg presented Appellants with three settlement options, two providing annuity

options and another providing for a lump sum payment. However, Appellants attempted to rescind and never signed an agreement. In October 2003, Ebensburg sought to enforce the settlement agreement. Following argument, the trial court enforced the settlement agreement and directed Appellants to execute all settlement documents and releases. Moreover, the trial court determined Ebensburg was not responsible for any interest on the settlement proceeds. Appellants appealed and this Court affirmed. **Shaffer v. Ebensburg Power**, 864 A.2d 591 (Pa. Super. 2004). Following this Court's decision, Ebensburg again presented Appellants with three settlement options that they refused to execute. On February 16, 2005, the trial court ordered Ebensburg to deposit a portion of the settlement with the Prothonotary and release another portion to Appellants' counsel.

Meanwhile, in November 2003, Ebensburg's insurance company, Liberty Mutual Insurance Company (Liberty), attempted to fund an annuity with Liberty Life Assurance Company of Boston (Liberty Life). However, because Appellants did not finalize the settlement agreement, Liberty Life unilaterally returned the funds to Liberty in June 2010. Liberty then attempted to release the settlement funds to Appellants, but they demanded interest and again refused to execute necessary documentation. On August 14, 2014, Appellants filed a petition for the enforcement of a structured settlement, asserting that structured settlement sequestration was an integral part of settlement and they expected the funds had been invested and yielded some return. In an order and opinion entered on October 2,

2014, the trial court determined that Appellants had not entered into a written settlement agreement, despite numerous orders directing Appellants to do so. Accordingly, it concluded that Appellants could not rely upon unsigned documents or Liberty's spontaneous act of initially funding the annuity to obligate Liberty to provide interest or investment returns. However, the trial court noted that equity required any interest or return on investments earned from November 12, 2003 through June 2, 2010 be provided to Appellants, but that Appellants were not entitled to additional interest.

After receiving affidavits from Liberty Life that no interest or earned returns accrued on the funds because an annuity was never funded, the parties sought clarification of the October 2, 2014 order. After argument, on January 8, 2015, the trial court entered an order stating Appellants were not entitled to additional interest on the settlement funds. This timely appeal resulted.[1]

On appeal, Appellants present the following issue for our review:

> Whether the [trial] court erred in holding [] Appellants are not entitled to interest on [their] settlement?

Appellants' Brief at 4 (complete capitalization omitted).

_____

[1] Appellants filed a timely notice of appeal on February 5, 2015. On February 25, 2015, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellants to file a concise statement of errors complained of on appeal. Appellants complied on March 19, 2015. In response, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on March 31, 2015.

In sum, Appellants argue:

> [] Appellants maintain that the [trial court] should have ordered interest on the proceeds that were held by the insurance company from 2003 to 2010 on the annuity sum as part of a structured settlement that was ordered by the [trial court].  An abuse of discretion would be warranted if such an interest was not declared by the [trial court].  [] Appellants had a reasonable expectation that interest on an annuity sum would be earned from 2003 to 2010 and [are] asking this Court to order the lower court to reconsider the decision and issue an [o]rder declaring interest due and payable from 2003 to 2014 on the principle annuity sum held by the insurance company in this matter.
>
> [] Appellants maintain that the money due to [] Appellants on this settlement was a liquidated sum and applicable to have interest paid on said sum. [] Appellants maintain that because the amounts to be paid to [] Appellants were overdue, those payments should have earned interest from the time they were due to [] Appellants, i.e., 2010.  In fact, the insurance representative contacted [] Appellants about having the payout made in 2010.  There is a liquidated amount due in a fixed amount to [] Appellants.  As such, interest is due on those proceeds.  The duty to pay by the insurance company was a certain duty to pay and was fixed and liquidated.  That amount became liquidated when it was capable of ascertainment with mathematical precision. In this case, the $100,000[.00] due to [] Appellants was put in the enforced agreement and the insurance company knew it had to pay that rate.  The [trial court] had discretion as to whether to award interest and abused this discretion based on the application of [] law which requires interest be paid to [] Appellants on this liquidated fixed certain sum.

*Id.* at 9-10.

"The issue before us involves the proper interpretation of a rule. This is a question of law, and thus, our standard of review is *de novo.* Our scope of review, to the extent necessary to resolve the legal question before us is the

- 4 -

entire record, and thus, is plenary." ***Wright v. Lexington & Concord Search & Abstract LLC***, 26 A.3d 1134, 1136 (Pa. Super. 2011). Pennsylvania Rule of Civil Procedure 229.1 governs the procedure for seeking interest on settlement funds. If the terms of the settlement are not fulfilled, the aggrieved party typically seeks redress through a motion to enforce settlement. ***See*** Pa.R.C.P. 229.1. The Rule contains a variety of options, including invalidating the agreement and proceeding with the lawsuit, or seeking sanctions which include the award of attorneys' fees and/or interest. ***Id.*** More specifically, "[i]f a plaintiff and a defendant have entered into an agreement of settlement, the defendant shall deliver the settlement funds to the attorney for the plaintiff, or to the plaintiff if unrepresented, within twenty calendar days **from receipt of an executed release**." Pa.R.C.P. 229.1(c) (emphasis added). "If the court finds that the defendant violated subdivision (c) of this rule and that **there is no material dispute as to** the terms of the settlement or **the terms of the release**, the court shall impose sanctions in the form of interest[.]" Pa.R.C.P. 229.1(g) (emphasis added).

Here, the trial court noted that this matter has been ongoing for well over 11 years. Trial Court Opinion, 3/31/2015, at 6. It recognized that this Court has determined that the settlement agreement was enforceable. ***Id.*** The trial court stated that despite that determination "and multiple orders that [Appellants] execute the settlement documents[,] they did nothing to

- 5 -

secure the release of the funds or aid in the establishment of an annuity."

*Id.*

Based upon our review, we agree Appellants are not entitled to interest on the settlement funds. Initially, we note Appellants do not acknowledge Rule 229.1 in their brief to this Court or argue it is somehow inapplicable to this matter. Appellants have not executed a release under Rule 229.1(c) and, thus, the duty to transfer the settlement proceeds (and any related duty to pay interest) was not triggered under our procedural rules. This Court previously affirmed an order to this effect. *See Shaffer v. Ebensburg Power*, 864 A.2d 591 (Pa. Super. 2004). Instead, Appellants baldly maintain that interest is due because the amounts owed them have been withheld and are now overdue. The record, however, establishes that the settlement funds have been ready and available to Appellants and their refusal has produced the long delay. Under these circumstances, Appellants simply are not entitled to interest and we discern no legal error or abuse of discretion in the trial court's ruling.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015